UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

                 Plaintiff,                  Case No. 22-cv-11837

v.                                  Paul D. Borman
                                  United States District Judge

THE AMERICAN RED CROSS

                 Defendant.

_____/

## ORDER GRANTING DEFENDANT'S OBJECTION TO PLAINTIFF'S ERRONEOUS INTERPRETATION OF MAGISTRATE JUDGE ANTHONY PATTI'S ORDER (ECF No. 37)

In this action, Plaintiff Aimee Sturgill asserts a claim for religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq* ("Title VII") against Defendant The American Red Cross. In October 2021, Plaintiff was employed by Defendant as a registered nurse, when Defendant announced a company-wide vaccine mandate to combat the spread of COVID-19. Plaintiff sought an exemption from the vaccine mandate based on her religious beliefs, which Defendant denied. Plaintiff appealed the decision, but this appeal was also denied. Plaintiff still refused to be vaccinated and Defendant fired her shortly thereafter. Plaintiff contends that Defendant's refusal to accommodate her religious

1

beliefs and exempt her from the vaccine mandate amounted to religious discrimination under Title VII.

Now before the Court is Defendant's Objection to Magistrate Judge Patti's Order granting in part and denying in part Plaintiff's Motion to Compel Supplemental Discovery Responses (ECF No. 37), which has been fully briefed (ECF Nos. 37, 40, 44, 47), and is ready for adjudication.

## I. STATEMENT OF FACTS

Plaintiff is a nurse who was employed by Defendant at the time this incident occurred. (ECF No. 21, PageID.254). On October 28, 2021, Defendant announced a company-wide mandate that its employees receive the COVID-19 vaccine. (ECF No. 21, PageID.255).

On November 1, 2021, three days after the mandate was announced, Plaintiff emailed her intent to request a religious accommodation exempting her from Defendant's vaccine mandate. (*Id.*) Her request, which had been drafted earlier in anticipation of a vaccine mandate, stated:

> My sincerely held religious belief for my accommodation stems from the biblical teaching of my spiritual leader Jesus Christ . . . 1 Corinthians 3:17: 'If anyone destroys God's temple, God will destroy him. For God's temple is holy, and you are that temple' . . . The ingredients in the vaccines can cause serious harm and even death to our body. Having a blood clotting disorder makes this a VERY important concern to me . . . [G]etting the COVID-19 vaccine would go against my conscience and against God's law.

2

(ECF No. 21, PageID.254). On November 19, 2021, Defendant denied Plaintiff's

accommodation request stating:

> You have failed to identify a religious belief, practice, or observance
> that prohibits you from being vaccinated against COVID-19…[O]ur
> records reflect that you have received a three-dose series of Hepatitis B
> vaccine…If there is additional information that you would like us to
> consider in connection with your request, please submit this
> information as soon as possible. *If additional information is not
> received <u>within two days</u> from the date of this denial, this decision will
> be considered final.*

(ECF No. 21, PageID.255). Plaintiff appealed the denial, writing:

> This is my letter to give additional information to support my
> accommodation request . . . I always seek to honor God. I walk and live
> according to God's laws. My body is the temple of the Holy Spirit, and
> taking the COVID-19 vaccine, would be defiling my body . . . I will not
> defile my body with unwanted intrusions. I take the upmost care of my
> body and continue to honor God and the temple he gave me. Taking the
> COVID-19 vaccine would go against that sincere religious belief . . .
> As a believer who may have had childhood vaccines or even a Hepatitis
> B vaccine many years ago, that does not contradict or negate the
> veracity of my individual belief and my desire to abstain from the
> COVID-19 vaccine.

(ECF No. 21, PageID.256). On December 6, 2021, Defendant denied Plaintiff's

appeal, noting that Plaintiff did not set forth "a religious belief, practice, or

observance [that] deems the [COVID-19] vaccine defiling." (*Id.*) Despite the denial,

Plaintiff still refused the COVID-19 vaccine, and on January 4, 2022, she was

terminated by Defendant. (*Id.*)

3

Plaintiff alleges that, throughout this process, she attempted to engage with Defendant to explore alternative non-vaccine safeguards against COVID-19 such as masking and periodic testing, but Defendant refused her efforts. (ECF No. 21, PageID.259).

Plaintiff argues that Defendant's failure to grant her a religious exemption to the vaccine mandate constitutes religious discrimination under Title VII. (ECF No. 21, PageID.266). Plaintiff brings this present action seeking damages including backpay, reinstatement, pre- and post-judgment interest, punitive damages, compensatory damages, and attorneys' fees and costs. (ECF No. 21, PageID.268).

## II. PROCEDURAL BACKGROUND

### A. Plaintiff's Initial Complaint (ECF No. 1), First Amended Complaint (ECF No. 4), and Second Amended Complaint (ECF No. 21).

The procedural background in this action is lengthy, but it is highly relevant to the issue now before the Court, so the Court will retell it in detail.

On August 8, 2022, Plaintiff, through her counsel, filed a Complaint against Defendant initiating this matter. (ECF No. 1). In this Complaint, Plaintiff brought a claim for religious discrimination for failure to accommodate under the Michigan Elliott-Larsen Civil Rights Act of 1976, MCL 37.2101, *et seq*.

On October 6, 2022, Plaintiff filed an Amended Complaint which included two additional counts against Defendant. (ECF No. 4). The first was another state

4

law religious discrimination claim under the Michigan Elliott-Larsen Civil Rights Act. (ECF No. 4, PageID.16). The second was a federal discrimination claim under Title VII, which Plaintiff added after receiving her Right to Sue Letter from the Equal Employment Opportunity Commission. (ECF No. 4, PageID.27).

On November 23, 2022, Defendant filed an Answer to Plaintiff's First Amended Complaint, which denied the bulk of Plaintiff's allegations and asserted several affirmative defenses. (ECF No. 8).

On June 9, 2023, Plaintiff filed a Second Amended Complaint (ECF No. 21), which dropped both of her state law claims under the Michigan Elliott-Larsen Civil Rights Act and only asserted one federal religious discrimination claim under Title VII: a failure to accommodate claim. (ECF No. 21, PageID.264).

**B. Plaintiff's Motion to Compel Supplemental Discovery Responses (ECF No. 18).**

On June 1, 2023, Plaintiff filed a Motion to Compel Supplemental Discovery Responses from Defendant. (ECF No. 18). Plaintiff sought to compel discovery of evidence pertaining to "whether Defendant favored religious beliefs other than [Plaintiff's] by granting religious accommodation to some [employees] and denying accommodation to most other employees." (ECF No.18, PageID.134).

Plaintiff argued this evidence was relevant to her claim because her "Religious Discrimination–Failure to Accommodate" claim (ECF No. 21, PageID.264) "encompass[ed] both a failure to accommodate claim and a traditional disparate

5

treatment claim." (ECF No. 18, PageID.130). One way of establishing a disparate treatment claim is to provide "evidence that a party was treated differently from a *similarly situated* party with a different religious affiliation." *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 429 (6th Cir. 2002) (emphasis in original). Plaintiff believes that evidence that Defendant granted some religious exemptions to the vaccine mandate, but not others, could show that Plaintiff was treated differently based on her religious affiliation. (ECF No. 18, PageID.135).

On June 1, 2023, this motion was referred to Magistrate Judge Anthony P. Patti. (ECF No. 19). On June 2, 2023, Magistrate Judge Patti denied Plaintiff's Motion to Compel without prejudice for failing to comply with E.D. Mich. LR 7.1 and 37.1 because Plaintiff's counsel did not confer with Defendant's counsel before filing this motion. (ECF No. 20).

On June 9, 2023, Plaintiff refiled her motion (ECF No. 22), which was again referred to Magistrate Judge Patti. (ECF No. 23). On June 12, 2023, Magistrate Judge Patti issued an order noting that Plaintiff did not comply with the court's June 2, 2023 order (ECF No. 20) and stating that the court would hold the refiled motion in abeyance for one week "pending certification and detail of compliance with its June 2, 2023 order." (TEXT-ONLY ORDER, June 12, 2023).

**C. Magistrate Judge Patti's hearing on Plaintiff's Motion to Compel (ECF No. 38).**

On June 20, 2023, the parties were notified that Magistrate Judge Patti would hold a hearing on Plaintiff's Motion to Compel on July 25, 2023. In advance of that hearing, the parties were instructed to file a Joint Statement of Resolved and Unresolved Issues. (ECF No. 25).

On July 21, 2023, the parties filed the joint statement. (ECF No. 33). The specific points of disagreement between the parties all hinge on one overarching issue: whether Plaintiff's sole claim in her Second Amended Complaint, a claim of "Religious Discrimination–Failure to Accommodate," also encompassed a traditional disparate treatment claim.

If, as Plaintiff believes, her failure to accommodate claim encompasses a traditional disparate treatment claim, then evidence pertaining to which employees were denied exemptions and which employees received exemptions would be relevant to the case and thus subject to discovery. (ECF No. 33, PageID.635). But if, as Defendant maintains, the failure to accommodate claim is separate and distinct from a traditional disparate treatment claim, then this evidence would be irrelevant to Plaintiff's claim and not subject to discovery. (*Id*).

This was the central issue Magistrate Judge Patti adjudicated in the hearing on this Motion to Compel held on July 25, 2023.[1]

---

[1] Plaintiff also argued that, even under a failure to accommodate claim, evidence regarding which employees were granted accommodations and which were not would still be relevant because this evidence could show that Defendant would not

At the hearing, after listening to oral argument from both sides, Magistrate Judge Patti held that Plaintiff was "entitled to a limited amount of discovery" regarding requests for vaccine mandate exemptions made by other employees at Defendant's company. (ECF No. 34, PageID.641).

Magistrate Judge Patti's order (the "Order") relied on *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771, 774-775, 781 (2015) in reaching this conclusion. There, the Supreme Court stated that there are only two cognizable claims under Title VII: disparate treatment claims and intentional discrimination claims. *Id*. The *Abercrombie* Court also noted that a failure to accommodate claim is a species of disparate-treatment claim. *Id.* at *773 (analyzing the plaintiff's claims as a "disparate-treatment claim[] based on a failure to accommodate").

Given this, Magistrate Judge Patti reasoned that although Plaintiff's pleadings "never say disparate impact" they do "clearly cite to the portion of the statute which involved intentional discrimination or disparate treatment" and they do allege a number of facts which, taken together, suggest that Plaintiff is "entitled to some

---

have suffered an undue hardship in accommodating Plaintiff's religious exemption. (ECF No. 33, PageID.634–35). At the hearing, Defendant waived the undue hardship defense, which mooted this line of argument so the Court will not address this further. (ECF No. 34, PageID.641).

discovery, albeit limited, with respect to accommodations that could have been offered and perhaps were offered to others." (ECF No. 38, PageID.786–87).

Put succinctly, Magistrate Judge Patti held that, under *Abercrombie*, Plaintiff's "Religious Discrimination–Failure to Accommodate" claim (ECF No. 21, PageID.264) sufficiently encompassed a traditional discrimination claim such that Plaintiff was entitled to limited discovery relating to that type of claim. (ECF No. 34, PageID.641).

**D. Defendant's Objection to the Order (ECF No. 37) and Plaintiff's Response to Defendant's Objection (ECF No. 40).**

On August 1, 2023, Defendant filed an Objection to the Order. (ECF No. 37). This objection is limited in scope. Defendant does not object to the Order insofar as it requires him to produce discovery related to other Red Cross employees' exemption requests. (ECF No. 37, PageID.734). Defendant only objects to the Order to the extent that Plaintiff seeks to use it to prove that she sufficiently pled a traditional disparate treatment claim in addition to her failure to accommodate claim. (*Id*).

Footnote 1 to Defendant's objection best summarizes Defendant's position:

> [Defendant] intends to produce the documents and answer the interrogatories as ordered by the magistrate judge. [Defendant] also believes that the magistrate judge's order was intended to address the scope of discovery and not the sufficiency of plaintiff's pleadings, which was not an issue before the magistrate judge. Because plaintiff is taking the position, however, that the judge ruled that she sufficiently pled certain claims, [Defendant] wants to ensure that its arguments

regarding the sufficiency of plaintiff's pleadings are preserved and is therefore filing this very limited objection. [Defendant] notes that the issues raised herein necessarily will be resolved by the district judge in a decision on [Defendant's] motion to dismiss.

(*Id*).

On August 15, 2023, Plaintiff filed her Response to Defendant's Objection to the Order. (ECF No. 40). Defendant argued the Order not only addressed the scope of discovery regarding a traditional disparate treatment claim, but also addressed the sufficiency of Plaintiff's pleadings as to that claim. (ECF No. 40, PageID.796).

**E. Defendant's Motion to Dismiss.**

On June 23, 2023, after Plaintiff filed her Motion to Compel Supplemental Discovery Responses, but before Magistrate Judge Patti held a hearing on the motion, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed R. Civ. P. 12(b)(6). (ECF No. 27). On July 7, 2023, Plaintiff filed a Response to Defendant's Motion to Dismiss (ECF No. 32) and on July 28, 2023, Defendant filed a Reply in support of its Motion. (ECF No. 35). The Court scheduled a hearing on this motion for October 26, 2023.

**F. Plaintiff's supplemental briefing.**

On October 19, 2023, roughly a week before the hearing was to be held, Plaintiff filed a Notice of Order and Factual Admissions as supplemental briefing to Defendant's Motion to Dismiss. (ECF No. 44). The briefing argues that "[s]ince the parties concluded briefing Defendant's Motion to Dismiss, two critical events have

occurred that render the relief sought in Defendant's Motion to Dismiss moot." (ECF No. 44, PageID.807). The Court will address the events in reverse order.

The second critical event Plaintiff's briefing refers to is the deposition of Jeffrey Laroca, an attorney Defendant hired to approve or deny requests for religious accommodations submitted by Defendant's employees. (ECF No. 44, PageID.810). Plaintiff argues that this deposition "revealed that Defendant indisputably failed to accommodate Plaintiff's religious accommodation request," thereby confirming that Plaintiff sufficiently pled a claim for relief and mooting Defendant's Motion to Dismiss. (*Id*).

This argument is not immediately relevant to the motion currently before the Court, so the Court will not address it here.

The other critical event Plaintiff refers to is Magistrate Judge Patti's Order. Plaintiff contends that in the Order, Judge Patti "held that plaintiff sufficiently pled disparate treatment" and, therefore, this Order "renders moot Defendant's Motion to Dismiss alleging that Plaintiff has not adequately pled Title VII claims." (ECF No. 44, PageID.807, 810).

This argument is relevant to Defendant's present motion because it ultimately turns on the same issue now before the Court: the scope of Magistrate Judge Patti's Order. If the Order was, as Defendant argues, purely evidentiary in its scope, then the Order has no bearing on the resolution of Defendant's Motion to Dismiss under

11

Fed R. Civ. P. 12(b)(6). On the other hand, if the Order addressed the sufficiency of Plaintiff's pleadings, then it would be directly relevant to Defendant's Motion to Dismiss. Therefore, the Court finds it prudent to first rule on Defendant's Objection to Magistrate Judge Patti's Order and clarify the scope of this Order, before ruling on Defendant's Motion to Dismiss.

To that end, the Court canceled the hearing on Defendant's Motion to Dismiss scheduled for October 26, 2023, and ordered Defendant to respond to Plaintiff's supplemental briefing. (ECF No. 45). Defendant filed its Response to Supplemental Brief on November 6, 2023. (ECF No. 47). This response echoes the arguments Defendant raises in its Objection to the Order; namely, that the Order "addresses the scope of discovery and not the sufficiency of [Plaintiff]'s pleadings." (ECF No. 47, PageID.959).

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." An order deciding a non-dispositive matter may be modified or set aside by a District Judge when it is "clearly erroneous or is contrary to law." *Id*. "The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have both held that a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." *Draughn v. Bouchard*, 2017 WL 3048667, at

*1 (E.D. Mich. July 19, 2017) (citing *United States v. U.S. Gypsum Co.*, 333 U.S.

364, 395 (1948); *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008)) (internal

quotation mark omitted).

Here, however, disposition of Defendant's objection does not require the

Court to "modify or set aside" any part of the Order, so this clearly erroneous

standard is not implicated. Fed. R. Civ. P. 72(a).

The Order requires, in pertinent part, that Defendant supplement its discovery

responses by producing the documents and answering the interrogatories requested

by Plaintiff. (ECF No. 34, PageID.641). Defendant states clearly that it does not

object to this requirement. (ECF No. 37, PageID.734) (noting that Defendant intends

to supplement its discovery responses per the requirements of the Order).

In this regard, although brought as an objection, Defendant's motion is better

characterized as a request for clarification as to the scope of the Order: whether it

was limited to discovery or whether it addressed the sufficiency of Plaintiff's

pleadings. The Court can adjudicate this question of scope without modifying or

setting aside any part of the Order, so the clearly erroneous standard is inapplicable.

Instead, the Court finds that its role here is merely to interpret the scope of

Magistrate Judge Patti's Order, and the proper standard of review is *de novo*. *See*

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) ("The

interpretation of a district court's order is a question of law and, consequently, subject to de novo review.").

## IV. DISCUSSION

With the procedural background and the legal standard in mind, the Court will briefly restate the parties' positions regarding the scope of Magistrate Judge Patti's Order. (ECF No. 34). Plaintiff argues that the Order adjudicated whether Plaintiff sufficiently pled a disparate treatment claim for purposes of surviving a motion to dismiss. (ECF No. 40, PageID.797). Defendant argues that the Order did not address the sufficiency of Plaintiff's traditional disparate treatment claim, but merely held that, as an evidentiary matter, Plaintiff was entitled to some discovery relating to that claim.

The narrow issue now before this Court is which parties' interpretation of the Order is accurate. Based on the plain language of the Order, Defendant's interpretation is more accurate, and the Order's scope is limited to discovery only.

First, the Order states that the motion before Magistrate Judge Patti was "a motion to compel supplemental discovery responses" and not one to assess the sufficiency of Plaintiff's pleadings for purposes of a motion to dismiss. (ECF No. 34, PageID.640). The Order never references Fed. R. Civ. P. 12(b)(6), nor does it

cite the relevant standard for surviving a motion to dismiss under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff contends that, despite this, Defendant's interpretation of the Order "ignores that as a threshold matter the discovery sought by Plaintiff required this Court to adjudicate whether Plaintiff gets discovery on what they've pled in their complaint and what theories they've pled in the complaint." (ECF No. 40, PageID.796) (cleaned up). In other words, Plaintiff believes that by granting her discovery request, Magistrate Judge Patti necessarily found that, as a threshold matter, Plaintiff had satisfied the pleadings requirements for that claim.

This position, however, is directly contradicted by the express language of the Order, which states that "the [c]ourt finds that [Plaintiff's *current pleadings justify an evidentiary scope, and consequently a discovery scope* which is broad enough to permit some limited exploration of accommodations granted or denied to other employees." (ECF No. 34, PageID.641) (emphasis added). Had Magistrate Judge Patti found, as Plaintiff claims, that as a threshold matter Plaintiff's pleadings were sufficient under R. Civ. P. 12(b)(6), the Order would not have specifically noted only that Plaintiff's pleadings were sufficient to justify limited discovery on that claim without also referencing the Rule 12(b)(6) standard at all.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's Objection to Plaintiff's erroneous interpretation of Magistrate Judge Patti's Order. (ECF No. 37). This Court concludes that Magistrate Judge Patti's Order ruled only that Plaintiff was entitled to proceed with discovery on her disparate treatment claim, but did not rule on the sufficiency of Plaintiff's pleadings for that claim under Fed. R. Civ. P. 12(b)(6). Therefore, Defendant's Motion to Dismiss (ECF No. 27) has not been mooted, and the Court will adjudicate the merits of this motion at a later date.

In the interim, Plaintiff's traditional disparate treatment claim will proceed on discovery, and Defendant is ordered to supplement its discovery responses on that claim per the requirements of Magistrate Judge Patti's Order.

**IT IS SO ORDERED.**

Dated: November 17, 2023               s/Paul D. Borman

                                       Paul D. Borman
                                       United States District Judge