UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

       Plaintiff,

v.

THE AMERICAN RED CROSS,

       Defendant.
_____/

Case No. 2:22-cv-11837
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO CONDITIONALLY GRANT DEFENDANT'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS TO ALLOW AMENDMENT OF BILL OF COSTS (ECF No. 70)

**I.     RECOMMENDATION**:  The Court should **CONDITIONALLY GRANT** Defendant's motion for review of Clerk's taxation of costs to allow amendment of bill of costs (ECF No. 70), pending the outcome of Plaintiff's appeal to the Sixth Circuit.

**II.    REPORT**

    **A.    Operative Pleading**

Aimee Sturgill alleges she was terminated by the American Red Cross on January 4, 2022.  (ECF No. 21, ¶ 37.)  This lawsuit concerns Defendant's COVID-19 vaccine mandate, its denial of Plaintiff's religious accommodation request, and Defendant's alleged violation of EEOC guidance.  (ECF No. 21, ¶¶ 8-67.)  Plaintiff

1

alleges that Defendant cannot establish undue hardship (*id.*, ¶¶ 68-79), and she sets forth a single cause of action for "religious discrimination – failure to accommodate" in violation of Title VII, 42 U.S.C. § 2000e, *et seq*. (*id.*, ¶¶ 80-103).

**B.      Dispositive Motion Practice**

On June 23, 2023, Defendant filed a motion to dismiss (ECF Nos. 27, 28), as to which Plaintiff filed a response (ECF No. 32), Defendant filed a reply (ECF Nos. 35, 36), and Plaintiff filed a supplemental brief (ECF No. 44). The Court ordered Defendant to respond (ECF No. 45), which it did on November 6, 2023 (ECF Nos. 46, 47).

A hearing was noticed for December 19, 2023 (ECF No. 56); however, on December 15, 2023, the Court entered an opinion and order granting Defendant's motion to dismiss (ECF No. 60) and judgment (ECF No. 61), dismissing the case with prejudice. An appeal has been fully briefed in the Sixth Circuit. *See* Case No. 24-1011 (6th Cir.).

**C.      The January 5, 2024 Bills of Costs**

On January 5, 2024, Defendant filed a bill of costs, seeking reimbursement for copies of deposition transcripts ($3,145.95), copies of exhibits for depositions ($35.00), and court reporter attendance for depositions ($425.00), for a total of $3,605.95. (ECF No. 64; *see also* ECF Nos. 64-1 [Itemization of Court Reporter

Attendance Fees], 64-2 [Invoices].)  Plaintiff filed an objection (ECF No. 65), and the Clerk of the Court taxed $0.00 (ECF No. 66), explaining:

- Court reporter fees are denied, as the bill of costs fails to document how the corresponding deposition transcripts were used by the prevailing defendant.  (See Bill of Costs Handbook, Section II(c), page 3.)

- Costs for deposition exhibits are not taxable per above.

- Court reporter attendance fees are not taxable per above.

(*Id.*, PageID.1988.)

Within hours of the Clerk's filing, Defendant filed an amended bill of costs (ECF No. 67), this time seeking a total of $1,330.70 for copies of deposition transcripts, which consists of $673.20 for the Sturgill deposition transcript, $370.00 for the Jeffrey Larroca deposition transcript, and $287.50 for the Heather Kayne deposition transcript (ECF No. 67-1, PageID.1993, 1995).  (*See also* ECF No. 67-2 [Invoices].)  Plaintiff filed an objection (ECF No. 68), and the Clerk of the Court taxed $0.00 (ECF No. 69), explaining:

> An original bill of costs was filed on 01/05/24 (document no. 64). Costs were denied, as the bill of costs failed to document how the corresponding deposition transcripts were used by the prevailing defendant.  (document no. 66).  An amended bill of costs was filed to correct the deficiency and to seek other costs (document no. 67). Pursuant to the Bill of Costs Handbook "after the taxation clerk has taxed cost, counsel for either side may, within seven days, file a motion to review the action of the taxation clerk and request review by the Court."  (Bill of Costs Handbook Section I(B), page 1.)
>
> In accordance with the above, the taxation clerk will not re-tax costs.

3

(*Id.*, PageID.2008.)

### D. Motion for Review of Clerk's Taxation of Costs to Allow Amendment of Bill of Costs

Currently before the Court is Defendant's January 8, 2024 motion, filed pursuant to Fed. R. Civ. P. 54(d) and E.D. Mich. LR 54.1, which attaches an amended bill of costs that is identical to the one most recently provided to the Clerk of the Court. (*Compare* ECF No. 67-1, PageID.1993; with, ECF No. 70-1, PageID.2024.) Defendant "requests that this Court review the Clerk's January 5, 2024 Taxation of Costs to allow the Red Cross to amend its Bill of Costs . . . ." (ECF No. 70, PageID.2009.)

Judge Borman has referred this motion to me pursuant to 28 U.S.C. § 636(b)(3) ("A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."), which generally require a report and recommendation. (ECF No. 71.) Therefore, I offer my opinion in the form of a report and recommendation. *See*, *e.g.*, *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("Matters assigned under [28 U.S.C. § 636(b)(3)] are *not* subject to *final determination* by a magistrate judge.") (emphases in original); *LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995) (quoting *Massey*, 7 F.3d at 509); and, *DeRusha v. Detroit Jewish News & Style Mag.*, No. 02-73030, 2007 WL 778488, at *1, *8 n.3 (E.D. Mich. Mar. 12,

2007) (Hood, J.) ("Magistrate Judge Komives concluded that the Court should require Plaintiff to reimburse Defendants for costs in the amount of $1,420.60 pursuant to Fed.R.Civ.P. 54(d)(1).").

**E.     Discussion**

The Court should grant Defendant's motion, for several reasons.  First, Defendant's motion is unopposed.  "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).  Plaintiff's response to Defendant's January 8, 2024 motion would have been due on or about either January 22, 2024 (*see* E.D. Mich. LR 7.1(e)(1)(A)) or January 29, 2024 (*see* E.D. Mich. LR 7.1(e)(2)(A)).  In the more than 130 days since Defendant filed its motion, Plaintiff has not filed a response.

Second, the costs sought – *i.e.*, for the Sturgill, Larroca, and Kayne deposition transcripts (*see* ECF No. 70-1, PageID.2026) – "were necessarily incurred in the litigation of this case."  (ECF No. 70, PageID.2016-2017 ¶ 8; *see also id.*, PageID.2017 ¶ 10.)  Taxable court reporter fees "for all or any part of the transcript necessarily obtained for use in the case," include a "[t]ranscript used in support of a motion."  Bill of Costs Handbook, E.D. Mich., Section II(C)(1)(d).[1] *Plaintiff* attached the Larroca deposition to her response to Defendant's motion to

---

[1] *See* http://www.mied.uscourts.gov/PDFFIles/BillofCostsHandbook.pdf (Nov. 2013).

5

dismiss (*see* ECF No. 44-1), and Defendant did the same in support of its supplemental brief (*see* ECF Nos. 46-1, 47-1).  (ECF No. 70, PageID.2017 ¶ 9.)  Moreover, the Larroca, Sturgill, and/or Kayne depositions were attached Defendant's November 9, 2023 motion for summary judgment (*see* ECF Nos. 48-1, 48-4, 48-5), Plaintiff's response (*see* ECF Nos. 57-4, 57-9), and Defendant's reply (ECF Nos. 58-1, 58-2).  (*Id.*, PageID.2016-2017 ¶ 8.)[2]

### F. Conclusion

For the reasons stated above, the Court should **CONDITIONALLY GRANT** Defendant's motion (ECF No. 70), pending the outcome of Plaintiff's appeal to the Sixth Circuit.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

---

[2] As Defendant points out in its motion, dispositive motions were due by November 9, 2023 (ECF No. 12), at which point the Court had yet to issue its December 15, 2023 opinion and order (ECF No. 60) granting Defendant's June 23, 2023 motion to dismiss (ECF No. 27).  (*See* ECF No. 70, PageID.2016-2017 ¶ 8.)

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 24, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE