UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

    Plaintiff,                                        Case No. 22-cv-11837

v.

                                                  Hon. Sean F. Cox

THE AMERICAN RED CROSS,                United States District Court Judge

    Defendant.
_____/

**<u>OPINION & ORDER ADOPTING IN PART REPORT AND RECOMMENDATION (ECF No. 72); GRANTING IN PART DEFENDANT'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS TO ALLOW AMENDMENT OF BILL OF COSTS (ECF No. 70); AND TAXING COSTS</u>**

Defendant The American Red Cross moved the Court to review the clerk of the Court's decision not to tax its costs as the prevailing party in this case. Magistrate Judge Anthony J. Patti recommended that the Court conditionally grant Defendant's motion. The Court agrees in part and taxes costs.

## BACKGROUND

Plaintiff Aimee Sturgill filed the operative complaint in this employment-discrimination case, the second amended complaint, on June 9, 2023. (ECF No. 21). Defendant moved to dismiss that complaint on June 23, 2023. (ECF No. 27). While its motion to dismiss was pending, Defendant moved for summary judgment on November 9, 2023. (ECF No. 48). Defendant attached transcripts for depositions of Plaintiff (ECF Nos. 48-1); Jeffrey Larroca (ECF Nos. 48-4); and Heather Kayne (ECF No. 48-5) as exhibits to that motion for summary judgment.[1]

---

[1] Defendant also attached transcripts of the Sturgill (*see* ECF No. 58-2) and Larocca (*see* ECF No. 58-1) depositions as exhibits to its brief in reply to Plaintiff's response to Defendant's motion for summary judgment.

1

The Court granted Defendant's motion to dismiss on December 15, 2023 (ECF No. 60), which mooted Defendant's motion for summary judgment. Plaintiff timely appealed (ECF No. 62) and oral argument before a Sixth Circuit panel is currently set for July 24, 2024, *Sturgill v. Am. Red Cross*, No. 24-01011 (6th Cir. docketed Jan. 8, 2024).

On January 5, 2024, Defendant filed a bill of costs ("First Bill") with the Clerk's office seeking taxation of $3,605.95. (ECF No. 64). Defendant attached invoices to the First Bill showing that it paid $673.20 for the deposition of Plaintiff (ECF No. 64-2, PageID.1977); $287.50 for the Kayne deposition (*id.* at 1982); and $370.00 for the Larroca deposition (*id.* at 1981).[2] This yields a total of $1,330.70.

That same day, Deputy Clerk Donald Peruski found that the First Bill was not adequately supported and declined to tax the costs it alleged. (ECF No. 66). On January 8, 2024, Defendant filed a second bill of costs ("Amended Bill") with the Clerk's office seeking taxation of $1,330.70. (ECF No. 67-1). An accompanying brief stated that the Amended Bill "amended" the First Bill. (ECF No. 67). That same day, Deputy Clerk Peruski found that the Amended Bill was procedurally improper and declined to tax the costs it alleged. (ECF No. 69).

Also on January 8, 2024, Defendant moved the Court under Federal Rule of Civil Procedure 54(d)(1) to review Deputy Clerk Peruski's decision not to tax its costs. (ECF No. 70). Rule 54(d)(1) provides that "[t]he clerk may tax costs on 14 days' notice," and "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). The Court referred Defendant's motion to Magistrate Judge Patti under 28 U.S.C. § 636(b)(3). (ECF No. 71).

---

[2] The Kayne and Larroca invoices both included a $25.00 line item called "Electronic only package - COPY." (ECF No. 64-2, PageID.1981, 1982). The cost of these line items are include in the totals listed above.

Defendant's Rule 54(d)(1) motion asked the Court to "review the Clerk's January 5, 2024, Taxation of Costs to allow [it] to amend its Bill of Costs." (ECF No. 70, PageID.2009). In other words, Defendant moved the Court to review Deputy Clerk Peruski's decision not to tax the costs it alleged in the First Bill. Defendant's Rule 54(d)(1) motion additionally asked the Court to "enter an Order directing the Taxation Clerk to allow [it] to amend its Bill of Costs and award [it] costs in the amount $1,330.70." (*Id.* at 2017). As such, Defendant concedes that it is only entitled to the amount of costs it sought in the Amended Bill.

On May 24, 2024, Magistrate Judge Patti issued a report and recommendation ("R&R") regarding Defendant's Rule 54(d)(1) motion. (ECF No. 72). The R&R reported that Defendant had incurred $1,330.70 in costs and recommended that the Court "CONDITIONALLY GRANT" Defendant's Rule 54(d)(1) motion "pending the outcome of Plaintiff's appeal to the Sixth Circuit." (*Id.* at 2034).

In a brief filed on May 25, 2025, Plaintiff now objects to the R&R. (ECF No. 73). Defendant responded to Plaintiff's objections (ECF No. 74), and the R&R is ripe for decision. For the following reasons, the Court adopts the R&R in part, grants Defendant's Rule 54(d)(1) motion in part, and taxes $1,330.70 in costs to Defendant and against Plaintiff.

## STANDARD OF REVIEW

With respect to Plaintiff's challenge to the R&R, a magistrate judge's report and recommendation concerning a Rule 54(d)(1) motion is "reviewed *de novo* and then *determined*" by a district court. *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Concerning the merits of Defendant's Rule 54(d)(1) motion, "taxation of costs by the clerk is [also] subject to *de novo* review by the district court." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 418 (6th Cir. 2005).

## ANALYSIS

Defendant's Rule 54(d)(1) motion asks the Court to "direct[] the Taxation Clerk to allow the Red Cross to amend its Bill of Costs and award Red Cross costs in the amount $1,330.70." (ECF No. 70, PageID.2017). The parties dispute whether Defendant seeks an order (1) directing the clerk of the Court to consider the Amended Bill and (2) directing the Clerk of the Court to tax costs or whether Defendant seeks an order (a) directing the clerk of the Court to consider the Amended Bill and (b) taxing it costs.

In other words, it is unclear whether Defendant asks *the Court* to tax its costs or whether Defendant asks the Court to *direct the clerk of the Court to* tax costs. The Court need not resolve this question, however, because Defendant clearly seeks review of the Clerk of the court's taxation decision, *see* Fed. R. Civ. P. 54(d)(1), and federal district judges may tax costs, *see* 28 U.S.C. § 1920. As such, the Court also need not consider Defendant's request for an order directing the clerk of the Court to consider the Amended Bill. Instead, the Court may consider the merits of Defendant's request for taxation.

On the merits, "costs . . . should be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), and "[t]he basic rule for what costs may be taxed in federal court is provided by 28 U.S.C. § 1920," *BTD Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). As relevant here, § 1920 allows prevailing parties to recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." § 1920(2).

Here, the invoices that Defendant attached to its First Bill show that it paid $1,330.70 for the depositions of Plaintiff, Larroca, and Kayne, which is the same amount that Defendant requested in its Amended Bill. Defendant attached excerpts of these transcripts to its motion for summary judgment. Plaintiff argues that Defendant is not entitled to these costs because the Court never ruled on that motion. (*See* ECF No. 73, PageID.2042). This argument distorts § 1920(2).

4

"Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party," and "[n]ecessity is determined as of the time of taking." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Here, the depositions of Plaintiff, Kayne, and Larroca were reasonably necessary for this case during the pendency of Defendant's motion to dismiss. Consequently, the Court adopts the R&R's report that Defendant is entitled to recover $1,330.70 in costs.

However, the Court rejects the R&R's recommendation that the Court *conditionally* grant Defendant's Rule 54(d)(1) motion. The Court also rejects the R&R's recommendation that the Court grant Defendant's Rule 54(d)(1) motion *in full* because that motion asks the Court to order the clerk of the Court to review the Amended Bill and such an order is unnecessary.

Instead, the Court grants Defendant's Rule 54(d)(1) motion to the extent that it seeks taxation of $1,330.70 in costs and denies it in all other respects. The Court also taxes $1,330.70 in costs for Defendant and against Plaintiff. The date of finality for taxation is the date provided by Federal Rule of Civil Procedure 58(c) and the Court expresses no opinion on whether taxation is enforceable in a collateral proceeding during the pendency of Plaintiff's appeal.

## CONCLUSION & ORDER

Defendant is entitled to recover $1,330.70 in costs for printed or electronically recorded transcripts necessarily obtained for use in this case. **ACCORDINGLY**, **IT IS ORDERED** that Magistrate Judge Anthony J. Patti's Report and Recommendation to Conditionally Grant Defendant's Motion for Review of Clerk's Taxation of Costs to Allow Amendment of Bill of Costs (ECF No. 70) (ECF No. 72) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant The American Red Cross's Motion for Review of Clerk's Taxation of Costs to Allow Amendment of Bill of Costs (ECF No. 70) is

**GRANTED IN PART**.  That motion is **GRANTED** to the extent that it seeks taxation of $1,330.70 in costs and is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that costs of $1,330.70 are taxed for Defendant The American Red Cross and against Plaintiff Aimee Sturgill pursuant to 28 U.S.C. § 1920(2).

**IT IS SO ORDERED**.

Dated:  July 31, 2024

s/Sean F. Cox  
Sean F. Cox  
U. S. District Judge

I hereby certify that on July 31, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Jennifer McCoy  
Case Manager