UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

    Plaintiff,

v.

THE AMERICAN RED CROSS,

    Defendant.
_____/

Case No. 22-cv-11837

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND
ALTERNATIVELY FOR INTERLOCUTORY-APPEAL CERTIFICATION (ECF No. 94)**

The Court granted summary judgment for Defendant the American Red Cross on Plaintiff Aimee Sturgill's claim for emotional-distress damages, and Sturgill now moves the Court to reconsider its summary-judgment order and alternatively for interlocutory-appeal certificaiton. Sturgill takes issue with the Court's application of Federal Rule of Civil Procedure 56, but she does not identify any errors of law. Nor is there any ground for substantial difference in opinion with respect to the Court's application of long-settled summary-judgment principles. The Court shall deny Sturgill's motion.

## BACKGROUND

Sturgill pled that Red Cross violated title VII of the Civil Rights Act ("Title VII") when it discriminated against her religious beliefs. And Sturgill sought to recover, among other things, compensatory damages. Red Cross moved for summary judgment on Sturgill's claim for compensatory damages to the extent that she sought to measure such damages by her emotional distress, and the Court granted Red Cross's motion. *See Sturgill v. Am. Red Cross*, No. 22-cv-11837, 2025 WL 475839 (E.D. Mich. Feb. 12, 2025). But the Court denied the parties' cross-

1

motions for summary judgment on Sturgill's substantive Title VII claim, which shall go to trial. *See id.*

Sturgill now timely moves the Court to reconsider its order granting summary judgment for Red Cross on her emotional-damages claim and alternatively to certify that order for interlocutory appeal. Red Cross opposes Sturgill's motion and asks the Court to certify a few more issues for interlocutory appeal if the Court grants her motion. The Court need not consider Red Cross's request because the Court shall deny Sturgill's motion for the following reasons.

## ANALYSIS

### I.   Sturgill's Request for Reconsideration

Sturgill moves the Court to reconsider its order granting summary judgment for Red Cross on her emotional-damages claim. Motions for reconsideration of non-final orders are "disfavored" and "may be brought *only* upon the following grounds": (1) "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision"; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. L.R. 7.1(h)(2).

Sturgill argues that the Court should reconsider for four reasons. *First*, because Red Cross did not carry its initial burden under Federal Rule of Civil Procedure 56. To prevail under Rule 56, a movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). Because Sturgill had the burden of proof on her emotional-damages claim, Red Cross could have discharged its initial burden under Rule 56 by, among other things, satisfying Rule 56(c)(1)(B). Per Rule 56(c)(1)(B), if a movant shows that the non-movant "cannot produce admissible evidence to

2

support" facts material to the non-movant's claim, then the movant carries his or her initial burden under Rule 56. Fed. R. Civ. P. 56(c)(1)(B).

Here, the Court determined that Red Cross satisfied Rule 56(c)(1)(B) with respect to Sturgill's emotional-damages claim when it pointed out that the record contains no materials showing that Sturgill suffered emotional distress caused by its alleged Title VII violation. Sturgill responded that she should not be penalized for Red Cross's failure to flesh out her emotional distress during her deposition. This was not good enough to rebut Red Cross's initial showing under Rule 56, so the Court ruled that Red Cross was entitled to summary judgment on Sturgill's emotional-damages claim.

Now, Sturgill argues that Red Cross could only carry its initial burden under Rule 56 by showing that it would be *impossible* for her to come forward with facts material to her emotional-damages claim at trial. But Sturgill is wrong. It has been black-letter law for over forty years that a movant discharges his or her initial burden under Rule 56 on an issue that the non-movant must prove at trial "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Red Cross did that here, so it discharged its initial burden under Rule 56.[1]

*Second*, Sturgill argues that she rebutted Red Cross's initial showing under Rule 56. "Where a movant discharges his or her initial burden under Rule 56, the nonmovant cannot avoid summary judgment by "show[ing] that there is some metaphysical doubt as to the material

---

[1] *Bank of the Ozarks v. Perfect Health Skin & Body Center PLLC*, which Sturgill cites in support of her motion for reconsideration, is not to the contrary because the movant in that case tried to discharge its initial burden under Rule 56 by satisfying Rule 56(c)(1)(A). No. 18-cv-11870, 2019 WL 2247729 (E.D. Mich. May 24, 2019).

facts"; "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue* for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e), 28 U.S.C. app. (1982) (amended 2007)). And a nonmovant can only do this using "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Stated differently, Rule 56 permits a party to "challenge the opposing party to 'put up or shut up' on a critical issue," and summary judgment is proper if the opposing party "d[oes] not 'put up'" after sufficient time for discovery. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

In response to Red Cross's argument that the record contains no evidence of Sturgill's emotional distress caused by its alleged Title VII violation, Sturgill stated the following:

> [Red Cross] is correct that a plaintiff "does not have to prove emotional distress through medical evidence" and shockingly during [Sturgill]'s deposition, defense counsel never actually inquired about [Sturgill]'s potential compensatory damages. ECF No. 80-1, PageID.2187. The reason that [Red Cross] never inquired about non-economic compensatory damages is because [Sturgill] was emotionally distraught during the entire deposition, crying and suffering extreme anxiety during [Red Cross]'s examination. Ex. 5. Specifically, [Sturgill] stated that her "anxiety is really in high gear. I am not feeling well." Ex. 5, 50:13-14. [Red Cross]'s failure to flesh out the details of [Sturgill]'s emotional distress damages at deposition is not dispositive on what a jury can award at trial, where [Sturgill] will have an opportunity to testify regarding the emotional distress that [Red Cross]'s discriminatory actions had on her. There is no admissible evidence in the record at this time to foreclose [Sturgill] from receiving compensatory damages, so summary judgment with regard to any form of damages would be inappropriate at this juncture.[2]

(ECF No. 83, PageID.2820). In other words, Sturgill argued "that Red Cross should have fleshed out her emotional distress during her deposition, and that the Court should not hold her

---

[2] ECF No. 80-1 is Red Cross's memorandum of law in support of its summary-judgment motion. And "Ex. 5" is an excerpt of Sturgill's deposition testimony that she attached to her response to Red Cross's summary-judgment motion. (*See* ECF No. 83-5).

4

responsible for Red Cross's failure to do so." *Sturgill*, 2025 WL 475839, at *8. Thus, Sturgill did not "put up" any evidence of her emotional damages.

Now, Sturgill says that her deposition statements about the anxiety she felt about being deposed show that her emotional-damages claim should be put to a jury. The Court disagrees. For one thing, Sturgill's response to Red Cross's summary-judgment motion only brought up these statements as support for her argument that the record contains no evidence of her emotional distress because Red Cross failed to flesh out her emotional distress during her deposition, and therefore that summary judgment for Red Cross on her emotional-damages claim would be inappropriate. For another, the parts of Sturgill's deposition testimony that she cited in her response brief do not help her case:

| | | |
|---|---|---|
| Red Cross's Counsel: | | What are the New Testament books to the Bible? |
| Sturgill: | | It is—I'm—I'm sorry, I didn't—I'm frustrated again, Colin. |
| Red Cross's Counsel: | | If the answer is you don't know, then the answer is you don't know. |
| Sturgill's Counsel: | | It's okay. Take your time. |
| Sturgill: | | My anxiety is really in high gear. I'm not feeling well. |

(ECF No. 83-5, PageID.2859). These statements suggest only that Sturgill was anxious about being deposed; these statements would not help a jury decide whether Sturgill suffered emotional distress proximately caused by Red Cross's alleged Title VII violation. Sturgill accordingly failed to rebut Red Cross's initial showing under Rule 56.[3]

---

[3] Sturgill also now cites to additional parts of the record that she believes show that the parties genuinely dispute facts material to her emotional-damages claim. But Sturgill does not argue that she could not have obtained these materials with reasonable diligence before she

*Third*, Sturgill argues that the Court "dr[ew] outside the statutory lines of Title VII and created a novel requirement in Title VII cases that employees must demonstrate evidence of 'emotional distress.'" (ECF No. 94, PageID.3432).  Not so.  Sturgill pled that she was entitled to "compensatory damages" because of Red Cross's Title VII violation (ECF No. 21, PageID.268), and successful Title VII plaintiffs who cannot recover damages under 42 U.S.C. § 1981 "may recover compensatory and punitive damages" under 42 U.S.C. § 1981a.  § 1981a(a)(1).  And compensatory damages under § 1981a may be measured by "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."  § 1981a(b)(3).

Here, Red Cross argued that Sturgill could not prove compensatory damages measured by certain nonpecuniary losses embraced by § 1981a, namely, emotional distress.  The Court agreed and granted Red Cross's summary-judgment motion "to the extent that it seeks judgment on Sturgill's claim for compensatory damages *measured by emotional distress*."  *Sturgill*, 2025 WL 475839, at *9 (emphasis added).  This ruling did not effectively require Sturgill to come forward with evidence that she suffered emotional distress to recover *any* compensatory damages; the Court recognized only that she could not ask the jury to award compensatory damages for emotional distress at trial.

*Fourth* and last, Sturgill complains that a reasonable jury could have found that she suffered emotional distress caused by Red Cross's Title VII violation by a preponderance of the evidence.  Stated differently, Sturgill argues that the parties genuinely dispute facts material to her emotional-damages claim.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

---

responded to Red Cross's summary-judgment motion.  The Court accordingly declines to give Sturgill a second bite at the apple.

("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). But as discussed above, Red Cross showed otherwise.

The Court shall deny Sturgill's motion for reconsideration.

## II. Sturgill's Request for Interlocutory-Appeal Certification

Sturgill argues in the alternative that the Court should certify its order granting summary judgment for Red Cross on her emotional-damages claim for interlocutory appeal under 28 U.S.C. § 1292. Per § 1292, district courts may certify nonfinal orders for immediate appeal if: (1) "such order involves a controlling question of law as to which there is substantial ground for difference of opinion"; and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). Here, Sturgill argues that these requirements are met for two reasons.

*First*, Sturgill says that the Court misapplied Rule 56. But there can be no substantial disagreement that if a movant points out that the record does not contain any materials that the nonmovant could use to prove an issue for which the nonmovant has the burden of proof at trial (such as an emotional-damages claim), then the nonmovant can only avoid summary judgment by showing otherwise. Indeed, this interpretation of Rule 56 has been black-letter law for nearly forty years. *See Celotex*, 477 U.S. at 317; *Matsushita*, 475 U.S. at 574; *Street*, 886 F.2d at 1472. The Court's application of Rule 56 accordingly does not warrant an immediate appeal.

*Second*, Sturgill argues that the Court effectively precluded her from recovering compensatory damages should she prevail on her Title VII claim, and that this determination involved substantially disputed legal questions. But as discussed above, the Court only addressed Sturgill's claim for compensatory damages to the extent that she sought to measure such damages by her emotional distress. The Court had no occasion to resolve whether Sturgill

7

could recover compensatory damages measured by some other loss.  Thus, the Court's order granting summary judgment for Red Cross on Sturgill's emotional-damages claim is not immediately appealable for this reason.

The Court shall not certify its summary-judgment order for interlocutory appeal.

## CONCLUSION & ORDER

Red Cross was entitled to summary judgment on Sturgill's emotional-damages claim, and there can be no substantial ground for difference of opinion on that issue.  Accordingly, **IT IS ORDERED** that Sturgill's motion for reconsideration and alternatively for interlocutory-appeal certification (ECF No. 94) is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  March 24, 2025