UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

          Plaintiff,

v.

THE AMERICAN RED CROSS,

          Defendant.
_____/

Case No. 2:22-cv-11837

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING MOTION TO DESIGNATE**
**DAISY ANGELES' DEPOSITION FOR USE AT TRIAL [113]**

    The Red Cross moved to designate portions of Dr. Daisy Angeles's deposition for use at trial. ECF No. 113, PageID.3686. Sturgill opposed the request and argued that the Red Cross failed to show that Angeles was served or cannot appear, and that the deposition testimony is irrelevant. ECF No. 122, PageID.3965. The Court will grant the motion and state its disappointment with the parties' inability to resolve the simple dispute.

    Federal Rule of Civil Procedure 32 addresses parties' use of depositions in court proceedings. Rule 32(a)(1) allows that a deposition may be used at trial against a party if:

> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
> (C) the use is allowed by Rule 32(a)(2) through (8).

1

And Rule 32(a)(4) states that a "party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Here, Sturgill had reasonable notice of Angeles's deposition, ECF 113-1, PageID.3692, 3699, and defense counsel represented to the Court that Angeles is in Europe and will remain there until July 15. ECF No. 113.

Sturgill maintained that the Red Cross did not prove service of a trial subpoena on Angeles. Although true, Sturgill cited no law to explain why that failure is material. Rule 32(a)(4)(A)–(D) presents disjunctive options, and 32(a)(4)(B) is sufficient to authorize the use of the deposition here. At this late stage, the Court has no reason to doubt defense counsel's representation submitted in a signed filing governed by Federal Rule of Civil Procedure 11. If Plaintiff has actual evidence to suggest that defense counsel (or the witness) is being untruthful, the Court will address it.

Next, Sturgill suggested that the deposition transcript itself constitutes inadmissible hearsay. ECF No. 122, PageID.3967. Not so. Federal Rule of Evidence 802 notes that hearsay is not admissible *unless* a federal statute, the rules of evidence, or other federal rules provide otherwise. Civil Rule 32 is one of those "other federal rules." In fact, Rule 32 mandates that the Court treat the deposition as if it was in court testimony. So, the hearsay rules, in particular Evidence Rule 804's regulation of unavailable witnesses, governs not the deposition itself, but its content.

In other words, there is only one layer of hearsay in play and one hearsay inquiry: whether Angeles's deposition answers, if given in court, would constitute inadmissible hearsay. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914–15 (9th Cir. 2008) (collecting cases explaining the Rule 32 exception and Rule 804). Sturgill developed no argument on that question here, and the Court will address the concern at trial.

Last, Sturgill attacked the relevance of the deposition testimony. ECF No. 122, PageID.3969. She argued that, because the Red Cross did not rely on or ask for her medical history at the time of the accommodation denial, the evidence is irrelevant. *Id.* at 3696–3670. The Court observes that both parties have alluded, at different times and somewhat inconsistently (when beneficial to their positions) to the notion that the jury can consider only that evidence presented to or relied upon by Red Cross or the reasoning that the Red Cross employed at the time it made its accommodation decision. *See, e.g.*, *id.* at PageID.3969–3970; ECF No. 118, PageID.3897; *but see* ECF No. 127, PageID.4024–4025, 4027 (recognizing the tension and arguing that evidence of sincerity is not limited to that presented to the employer during the accommodation process). The Court is aware of that type of principle in other discrimination contexts, but that principle is likely inapplicable here. *See Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985) (holding that evidence not known to the employer could not support the "reasonableness" of its decision but could be relevant to showing whether employee was "qualified" under the ADA); *Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861, 888 (7th Cir. 2023) (rejecting consideration of evidence undermining the

3

undue hardship posed by an accommodation because the evidence was not presented to the employer), *vacated on denial of reh'g on other grounds,* No. 21-2475, 2023 WL 4842324 (7th Cir. July 28, 2023); *but see id.* at 906 (Brennan, J., dissenting in part) (concluding opposite). Neither party presented authority that permissible evidence of every or any element of Sturgill's claim is so cabined.

Rather, jury instructions used in this district, *see, e.g.*, *Domski v. Blue Cross Blue Shield of Mich.*, 2:23-cv-12023 PageID.3981–3982 (E.D. Mich. November 12, 2024), and recitations of the elements of Sturgill's cause of action focus on, for example, the employee's sincerity and not the employer's perception of that sincerity. *See, e.g.*, *Sturgill v. Am. Red Cross*, 114 F.4th 803, 808–09 (6th Cir. 2024) (noting that the prima facie case for failure to accommodate a religious belief requires showing that "(1) the employee holds a sincere religious belief that conflicts with an employment requirement; (2) the employee informed the employer about that conflict; and (3) the employer took an adverse employment action against the employee for failing to comply with the conflicting employment requirement"); *Brown v. MGM Grand Casino*, No. 2:22-cv-12978, 2024 WL 4819575, at *4 (E.D. Mich. Nov. 18, 2024). And to this point, there are likely relevant uses of the evidence. For example, the testimony could buttress or attack the sincerity of Sturgill's religious objection.

At this juncture, the Court will not conclude that the entirety of the medical deposition, including its discussion of Sturgill's bases for refusing certain medical treatments, is so wholly irrelevant as to warrant complete exclusion. *See* Fed. R. Evid. 401.

4

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion [113] is **GRANTED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: July 7, 2025