UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

    Plaintiff,

Case No. 2:22-cv-11837

HONORABLE STEPHEN J. MURPHY, III

v.

THE AMERICAN RED CROSS,

    Defendant.

                         /

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 1 [115]

The Red Cross moved to prevent Sturgill from presenting any evidence or insinuation that it failed to engage in an "interactive process" with her during the accommodation process. ECF No. 115, PageID.3806. Because Title VII does not require employers to engage in an interactive process, the Red Cross argued that any mention of its possible failure to engage in one is irrelevant and likely to confuse the jury. *Id.* at PageID.3812; *see Haskins v. Bio Blood Components*, No. 1:22-cv-586, 2023 WL 2071483, at *3 (W.D. Mich. Feb. 17, 2023) (concluding that Title VII does not require an interactive process for religious accommodations).

Sturgill clarified that her intent in raising the issue is to provide information about the Red Cross's accommodation process generally. According to Sturgill, the Red Cross conforms its process to an EEOC guidance document that recommends use of an interactive process. ECF No. 124, PageID.3985. Sturgill reasoned that the Red Cross's failure to comply with the recommendations that its sole decisionmaker

1

testified it follows could be relevant to the issue of punitive damages. *Id.* at PageID.3987.

At bottom, the case is about the Red Cross allegedly denying an employee a religious accommodation. Testimony setting the stage for the religious accommodation process is relevant both to how the Red Cross handled Sturgill's request as well as to the *res gestae* of the case. What is more, in the proposed final pretrial order, the Red Cross argued that Sturgill was not entitled to punitive damages because it complied in good faith with its "structured accommodation process." The Red Cross thus implicitly conceded that information about its accommodation process is at least relevant to the issue of punitive damages.

The Court therefore will not conclude that every possible reference to the Red Cross's accommodation process would be irrelevant. But the Court will entertain objections at trial to references to an "interactive process" that pose the risk of confusing the jury and suggest the opposite of that which Sturgill has conceded here—that the Red Cross was not strictly required by law to engage in an interactive process. *See* ECF No. 124, PageID.3985–3986. If Sturgill crosses the line and attempts to imply the existence of such a legal requirement, the Court may issue a corrective instruction or order an appropriate sanction.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion in Limine

No. 1 [115] is **DENIED** as discussed above.

    **SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: July 7, 2025