UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

        Plaintiff,

v.

THE AMERICAN RED CROSS,

        Defendant.

_____/

Case No. 2:22-cv-11837

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 3 [117]**

The Red Cross moved to prevent Sturgill from presenting a 2011 document entitled "Legal Insights with Jeffrey Larroca" at trial. ECF No. 117, PageID.3836. In the document, Jeffrey Larroca (the individual who assessed Sturgill's accommodation request and a witness both sides intend to call) discussed the law surrounding religious accommodation requests and provided suggestions on how to assess them. ECF No. 117, PageID.3850–3851 (advising, for example, that employers should not reject seemingly odd religious beliefs "out of hand"). The Red Cross argued that the Court should exclude the document because Sturgill did not produce it in her initial disclosures or in response to a request for production and because it runs afoul of Federal Rule of Evidence 403. ECF No. 117, PageID.3841. The Court will deny the motion.

*Failure to Disclose.* Sturgill did not contest that she did not produce a copy of Legal Insights in her initial disclosures or in response to the request for production. ECF No. 126, PageID.4015. But her attorneys represented in a signed filing that they

1

did not have the document until it was revealed by a "recent Google search." *Id.* at PageID.4016. And the Red Cross did not allege that Sturgill possessed or knew about the document before she produced it in early June 2025. ECF No. 117, PageID.3844 (alleging only that "Ms. Sturgill had *access* to this document at all times during the length of this litigation" because it was accessible online) (emphasis added).

A party must disclose all documents that it "has in its *possession, custody, or control* and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). And a party may request that another party produce documents "in the responding party's possession, or control." Fed. R. Civ. P. 34(a)(1)(A).

Here, the Red Cross provided no evidence (and did not even allege) that Sturgill had the document in her possession, custody, or control at the time for production or initial disclosure. Indeed, it is not even Sturgill's document, and her lawyers found the publicly accessible document long after initial disclosures.

Even so, a party must supplement its initial disclosures and productions "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Sturgill thus had to provide the document once she discovered it and determined that she planned to use it at trial.

At this time, the Court has no reason to doubt Sturgill's representation that she did not discover the document until recently. The document was not mentioned

2

at Jeffrey Larroca's 2023 deposition, *see generally* ECF No. 80-6, as might be expected if Sturgill knew of the document at that time. The Court lacks facts or evidence to conclude that Sturgill did not disclose the document in a timely manner upon learning of it in a recent Google search. And the Red Cross made no argument that Sturgill should have discovered and thus disclosed the evidence earlier.

Furthermore, Sturgill disclosed the document more than a month before trial, so the Red Cross had ample time to adjust its trial strategy in response. And the witness—the Red Cross's decisionmaker—surely knew of the existence of the document that he helped author. Any prejudice to the Red Cross's preparation for trial is very limited, and the Court will not exclude the evidence under Rule 26.

*Rule 403.* Federal Rule of Evidence 403 states that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Red Cross argued that the probative value of the document "is outweighed by the unfair prejudice it will have." ECF No. 117, PageID.3844. But the Red Cross never explained how the supposed unfair prejudice would *substantially* outweigh the probative value. The Red Cross cautioned both that the document is nearly fifteen years old, and it is not tailored to the specific context of Larroca's decision here. ECF No. 117, PageID.3844–3845.[1] Both concerns undermine the document's probative value;

---

[1] The Red Cross cursorily mentioned the document's "propensity to mislead [and] confuse," but developed no compelling argument on those issues. *See* ECF No. 117, PageID.3845.

3

neither identifies a prejudice that would be "unfair" to the Red Cross. *See United States v. Whittington*, 455 F.3d 736, 799 (6th Cir. 2006) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (citation modified).

Because the Red Cross identified no compelling risk of unfair prejudice, the Court will not exercise its discretion to exclude the document.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion in Limine No. 3 [117] is **DENIED**.

**SO ORDERED.**

<u>s/ Stephen J. Murphy, III</u>
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 7, 2025