UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

        Plaintiff,

Case No. 2:22-cv-11837

HONORABLE STEPHEN J. MURPHY, III

v.

THE AMERICAN RED CROSS,

        Defendant.

                              /

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 4 [118]**

The Red Cross moved to prevent Sturgill from testifying about "an anti-abortion" beliefs that she may hold or have held. ECF No. 118, PageID.3887. The Red Cross argued first that any belief of that type is irrelevant because Sturgill testified in her deposition that she was unaware of any link between abortion and the COVID-19 vaccine at the time she made the accommodation request. *Id.* at PageID.3895–3896. Second, the Red Cross suggested that testimony regarding Sturgill's beliefs would be more prejudicial than probative under Federal Rule of Evidence 403. *Id.* at PageID.3895–3896. The Court will deny the motion.

*Irrelevance of the Belief.* Sturgill was clear in her deposition that, at the time she requested a religious accommodation from receiving the COVID-19 vaccine, she was unaware of any link between abortion and the vaccine. ECF No. 84-2, PageID.3060. But the deposition testimony does not render a present anti-abortion belief irrelevant. Evidence is relevant so long as it is probative to any material fact. *See* Fed. R. Evid. 401(a)–(b). Before the testimony enters the record, the Court cannot

1

conclude that the jury would never find probative the fact that Sturgill developed a religious belief that may or may not be consistent with or often held in common with vaccine hesitancy, or may or may not be probative of Sturgill's faith journey over time. The Court will not conclude that every possible presentation of Sturgill's anti-abortion beliefs, whenever they were developed, would be wholly irrelevant.

In light of the deposition testimony, however, should Sturgill represent at trial that she was aware of the relationship between fetal stem cell lines and the vaccine at the time of her request, the Red Cross would have at its disposal the normal responses to trial testimony from a party who contradicts her deposition testimony. *See Cadle Co. II v. Gasbusters Prod. I Ltd. P'ship*, 441 F. App'x 310, 313 (6th Cir. 2011) (noting that "admissions made during a deposition, absent exceptional circumstances, have been held to be binding on the parties as a judicial admission").

*Unfair Risks Under Rule 403.* The Red Cross argued alternatively that any reference by Sturgill to her anti-abortion beliefs would be "highly prejudicial" and that prejudice would outweigh the statement's probative value. ECF No. 118, PageID.3896. Although courts have found anti-abortion belief to be probative of sincerity, *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 901 (8th Cir. 2024), that does not inform whether the Red Cross will suffer any "unfair prejudice." *See United States v. Whittington*, 455 F.3d 736, 799 (6th Cir. 2006) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (citation modified). On that point, the Red Cross posited that any reference to a present anti-abortion beliefs could mislead a

2

jury to think that Sturgill communicated an anti-abortion belief to the Red Cross and that the Red Cross denied her accommodation because of her belief. ECF No. 118, PageID.3897.

The Court is not convinced that juries in this district are unable to grasp simple timelines or the notion that a person's faith may change. And, as always, the Red Cross is free to use the tools it has available to dispel those misimpressions, should they arise, at trial. The Court finds no compelling risk of unfair prejudice or confusion that would warrant exclusion under Rule 403.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion in Limine No. 4 [118] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: July 7, 2025