UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

         Plaintiff,

v.

THE AMERICAN RED CROSS,

         Defendant.
                                    /

Case No. 2:22-cv-11837

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 5 [119]

The Red Cross moved to prevent Sturgill from introducing evidence related to her rejected disparate-treatment theory of liability. ECF No. 119, PageID.3916. Earlier, Sturgill tried to argue that her Title VII claim for the Red Cross's failure to grant her a religious accommodation also included a claim for disparate treatment. *See* ECF No. 60, PageID.1965. Judge Borman rejected that argument, *see id.*, and the Sixth Circuit affirmed. ECF No. 76, PageID.2066. Sturgill nonetheless argued that information about other accommodations the Red Cross granted or denied may be relevant for both establishing liability and for punitive damages. ECF No. 128, PageID.4037, 4039. She also argued more generally that the Red Cross impermissibly tried to exclude a broad and amorphous category of evidence. *Id.* at PageID.4037. The Court will identify the more discrete evidence at issue, deny the motion, and inform the parties of a prophylactic measure the Court will take.

*Evidence at Issue.* The Red Cross sought exclusion of all evidence related to Sturgill's terminated disparate-treatment claim. ECF No. 119, PageID.3909. At first

1

glance, that category of evidence may seem broad and nonspecific, *see Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed."), the briefing makes clear that the request pertains to evidence of the number of other accommodations the Red Cross granted or denied (and perhaps also the contents of those requests). ECF No. 128, PageID.4038. The Court will focus its analysis on this discrete category of evidence.

*Relevance to Liability*. Sturgill maintains that the legal test for the sole claim remaining in the case requires her to show that she: "(1) holds a sincere religious belief that conflicts with an employment requirement; (2) informed Defendant about the conflict; and (3) was discharged for failing to comply with the employment requirement." ECF 130, PageID.4068 (emphasis omitted) (citing *Gorski v. Ascension St. John Hosp.*, 2024 WL 1327904, at *4 (E.D. Mich. Mar. 25, 2024)). According to Sturgill, the "only issue for the jury is whether Plaintiff holds a sincere religious belief that conflicts with COVID-19 vaccination." *Id.*

Nevertheless, Sturgill stated in the proposed final pretrial order that she "will demonstrate that religion played a motivating factor in her termination and anticipates that such evidence will give rise to this Court reinstituting the disparate treatment claim." Conversely, in her response to the motion in limine, she stated "it is not Plaintiff's intention to represent to the jury that a disparate treatment claim exists. Rather, Plaintiff is going to show the jury highly relevant documents and

testimony regarding accommodations that were granted or denied for the purpose of establishing religious discrimination." ECF No. 128, PageID.4037.

First, the Court will not reinstate any claim. Second, the Court does not see the distinction between a dismissed disparate treatment claim—*e.g.*, that the Red Cross treated people with different religious beliefs differently during the accommodation process—and the goals Sturgill conceded she is seeking. For example, Sturgill further noted that she "can also prove that Defendant's sole reason for denial (*i.e.* her religious beliefs) was *per se* discrimination by showing that Defendant granted a great number of religious accommodation requests before arbitrarily denying her request." *Id.* at PageID.4038. That statement substantially posits a disparate-treatment theory, and Sturgill failed to explain how those facts relate at all to the "only issue for the jury" in Sturgill's view.

In Sturgill's view of the merits, whether "Larroca imposed his own subjective religious beliefs on Plaintiff and denied her religious accommodation request, all the while he was granting 1000+ other requests" seems irrelevant to a determination of the Red Cross's liability. *Id.* at PageID.4039. Sturgill did not explain what the contents of *others'* religious requests could tell the jury about the sincerity of *her own* religious beliefs. The Red Cross is correct that on the issue of its liability for a violation of Title VII, how it handled other accommodation requests is irrelevant to the only remaining issue of liability—the sincerity of Sturgill's religious beliefs.

*Punitive Damages.* Sturgill presented a fallback basis for relevance—punitive damages. *Id.* at PageID.4039. Under 42 U.S.C. § 1981a(b)(1), a plaintiff may recover

3

punitive damages if she "demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to [her] federally protected rights." Thus, if Sturgill shows that the Red Cross took the alleged discriminatory action at issue—denying her accommodation request—with malice or reckless indifference, a jury could award punitive damages.

Sturgill argued that evidence that the Red Cross granted hundreds of other accommodations but denied hers could show that it acted with malice or reckless indifference. ECF No. 128, PageID.4040.[1] Essentially, it appears Sturgill wants to use disparate-treatment evidence to show an entitlement to punitive damages in a failure-to-accommodate case. The parties did not fully explain whether evidence of disparate treatment can support a claim for punitive damages in a case where the traditional disparate-treatment claim is no longer live, and the Red Cross did not mention punitive damages in its motion.

Whether Larroca denied Sturgill's request out of hostility for her supposed sincere religious beliefs appears probative to the question of punitive damages, and the Court will deny the motion.

That said, Sturgill cannot use the evidence to sow confusion among jurors in a case that remains about an alleged failure to accommodate. *See* Fed. R. Evid. 403. Nor can Sturgill unduly delay the proceedings by introducing reams of evidence

---

[1] It is not immediately clear how the fact that the Red Cross granted over 80% of the accommodation requests would help show that it was recklessly indifferent or malicious toward religious rights. The Court, however, is not aware of how Sturgill plans to use the evidence.

4

related to other accommodation requests. *See id.* Should Sturgill's case cross these lines, the Court will entertain objections from Red Cross at trial. *See Sperberg*, 519 F.2d at 712 ("A better practice is to deal with questions of admissibility of evidence as they arise.").

Finally, because the evidence appears irrelevant for purposes of establishing the Red Cross's liability, the Court plans to issue a jury instruction that evidence related to the Red Cross's treatment of others' may not be used to determine liability and may be used only for a determination of punitive damages. *United States v. Salazar*, No. 23-1863, 2025 WL 416821, at *1 (9th Cir. Feb. 6, 2025) ("[A] district judge may give an instruction *sua sponte* when warranted by the law and evidence."). The parties should propose stipulated language for such an instruction.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion in Limine No. 5 [119] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will instruct the jury as discussed above and the parties should **SUBMIT** a proposed instruction **no later than the close of Sturgill's case in chief.**

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: July 7, 2025