UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

          Plaintiff,

v.

THE AMERICAN RED CROSS,

          Defendant.

_____/

Case No. 2:22-cv-11837

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 6 [120]

The Red Cross moved to prevent Sturgill from introducing evidence related to whether accommodating Sturgill would have posed an "undue hardship." ECF No. 120, PageID.3928–3929. Later, however, the Red Cross stated that the issue of undue hardship "should be dealt with at trial with objections to any specific question asked that either party believes goes too far afield." ECF No. 135, PageID.4133.

Sturgill's position on evidence related to undue hardship also presents challenging questions. In her own motion in limine, she stated that the Court should "[e]xclude any argument, evidence, testimony, or reference to Defendant suffering 'undue hardship' . . . because Defendant waived the defense on July 25, 2023, in the presence of the Court." ECF No. 114, PageID.3780. Notably, she did not discriminate in that request between plaintiff-sponsored and defendant-sponsored evidence or argument. She then asked rhetorically "why is Defendant now refusing to stipulate to its exclusion from trial?" and concluded that "discussing undue hardship or the severity of the COVID-19 pandemic must be excluded as having no relevance to any

1

claim or defense, and being highly prejudicial." *Id.* at PageID.3791. In the argument as well, she did not discriminate between her merits claim and her claim for punitive damages.

But then, in her response to the present motion, Sturgill's position changed, and not for the clearer. She argued that she could present argument and evidence related to a lack of undue hardship for two reasons. First, she argued that evidence of undue hardship provides necessary context to avoid juror confusion. ECF No. 129, PageID.4050. Second, she argued that evidence of undue hardship (or a lack thereof) is relevant to punitive damages. *Id.* at PageID.4053. Thus, like the Red Cross, Sturgill seemingly retreated on her own position and instead argued that she should be able to discuss undue hardship for both context and for punitive damages. Naturally, however, the Court must not sanction a heads-I-win–tails-you-lose approach.[1]

The Court is left to determine whether to allow both parties to argue regarding undue hardship to set the scene and spar over punitive damages or to exclude any mention of the idea. The Court will adopt an approach similar to its order addressing the Red Cross's Motion in Limine No. 5. ECF No. 142.

First, the parties may agree to a stipulation of fact to be presented to the jury regarding the Red Cross's non-determination of the question of undue hardship and its irrelevance as a defense here.

---

[1] Although the Red Cross waived the defense of undue hardship on the merits, the record is not so clear that it waived the right to rebut undue-hardship evidence on the question of punitive damages or as necessary to place the case in the proper context.

Second, neither party may use the evidence to sow confusion among jurors regarding the merits question in the case. *See* Fed. R. Evid. 403. Nor can the parties unduly delay the proceedings by introducing excessive evidence related to the degree of ease of accommodation here. *See id.* Should either party cross these lines, the Court will entertain objections at trial. *See Sperberg*, 519 F.2d at 712 ("A better practice is to deal with questions of admissibility of evidence as they arise.").

Finally, because the evidence appears irrelevant for purposes of establishing the Red Cross's liability, the Court plans to issue a jury instruction that evidence related to the relative hardship of accommodating Sturgill may not be used to determine liability and may be used only for a determination of punitive damages or for purposes of background understanding. *United States v. Salazar*, No. 23-1863, 2025 WL 416821, at *1 (9th Cir. Feb. 6, 2025) ("[A] district judge may give an instruction *sua sponte* when warranted by the law and evidence."). The parties should propose stipulated language for such an instruction.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion in Limine No. 6 [120] is **DENIED as discussed above**.

**IT IS FURTHER ORDERED** that the parties may submit a proposed stipulation of fact on the issue of undue hardship and a proposed jury instruction **no**

**later than the close of Sturgill's case in chief.**

     **SO ORDERED.**

                                    <u>s/ Stephen J. Murphy, III</u>
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: July 7, 2025

4