UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

         Plaintiff,

v.

THE AMERICAN RED CROSS,

         Defendant.

_____/

Case No. 2:22-cv-11837

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION IN LIMINE [114]**

Sturgill moved to prevent the Red Cross from introducing (*A*) evidence of undue hardship to the Red Cross, (*B*) evidence that Sturgill worked with cancer patients, (*C*) evidence that Sturgill's beliefs are not sincerely held, (*D*) evidence that Sturgill's accommodation request was not religious in nature, (*E*) evidence from Sturgill's medical records or medical providers, (*F*) evidence of public harm, (*G*) argument assigning fault to any third party, (*H*) evidence of the Red Cross's good character or philanthropic endeavors, and (*I*) evidence of collateral sources or insurance benefits. ECF No. 114, at PageID.3780–3782. Sturgill also sought to admit the Red Cross's accommodation records. *Id.* at PageID.3782. As outlined below, the Court will grant and deny the motion in part.

1

*A. Undue Hardship*

The Court will refer the parties to its order on Red Cross's Motion in Limine No. 6, ECF No. 120, and will address the evidence of undue hardship according to the analysis in that order. *See* ECF No. 143.

*B. Evidence that Sturgill Worked with Cancer Patients*

Sturgill sought to exclude any mention that she worked with cancer patients because the "information is not relevant to the claims at issue, would confuse the jury, and is unduly prejudicial because Defendant waived the 'undue hardship' defense and indisputably granted hundreds of religious and medical accommodations to employees." ECF No. 114, PageID.3780, 3791–3792. The Red Cross argued that evidence of Sturgill's work with cancer patients might be probative to the sincerity of her religious belief because she administered white cell treatments to patients. ECF No. 135, PageID.4134.

The Court will reserve the question whether mentioning Sturgill's interaction with cancer patients is relevant, affronts Federal Rule of Evidence 403, or affronts the Court's prior order on evidence of undue hardship for trial. The Red Cross must seek permission from the Court before mentioning or introducing evidence regarding Sturgill's work with cancer patients.

*C. Evidence of Sincerity*

Sturgill sought to exclude any evidence or argument that her beliefs are not sincerely held because the Red Cross's decisionmaker, Jeffrey Larroca, did not know whether her beliefs were insincere. ECF No. 114, PageID.3792–3793. But Sturgill

provided no basis for why the Court should bar the Red Cross from presenting evidence that contradicts a witness's deposition. Indeed, the sincerity prong is a question of fact for the jury, *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); ECF No. 127, PageID.4024 (Sturgill noting that "[n]o court anywhere has put a cap on the amount of spirituality evidence that can be introduced in a religious accommodation trial"), and resolution of that question is not limited to the views of one of the Red Cross's agents. *Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1260–61 (10th Cir. 2016) (collecting cases and observing that testimony from an agent designated to speak for a company cannot constitute a judicial admission binding on the company). The Court therefore will deny Sturgill's request.

### D. *Evidence of Religiosity*

Sturgill sought to exclude any evidence or argument that her beliefs are not religious in nature based on Larroca's testimony and other evidence demonstrating that her belief was religious. ECF No. 114, PageID.3793–3795. The strength of her evidence, however, is not a basis to exclude relevant, but contrary evidence. The Court will deny the request for the same reasons discussed above regarding sincerity evidence.

### E. *Evidence from Plaintiff's Healthcare Providers*

Sturgill sought to exclude evidence from her medical records or medical providers. ECF No. 114, PageID.3796. Based on the Court's order regarding ECF No. 113, *see* ECF No. 138, the Court will not categorically exclude this evidence because it may be relevant to and probative of Sturgill's sincerity.

3

*F. Public Harm*

Sturgill next requested the Court exclude evidence that her case harms the public. ECF No. 114, PageID.3797. The Red Cross responded without objection, *see* ECF No. 135, PageID.4139, so the Court will grant the request.

*G. Assigning Fault to Others*

Sturgill moved to exclude evidence and argument that assigns blame to a third party. ECF No. 114, PageID.3799. The Red Cross responded that evidence of the circumstances of the accommodation request—the COVID-19 pandemic, the federal-contractor mandate, and so on—are relevant to "liability and damages" in this case. ECF No. 135, PageID.4140. The circumstances of the accommodation request are likely relevant to Sturgill's claim for punitive damages, for example. But it is hardly relevant to the only remaining fact question—whether Sturgill had a sincere religious belief. Because the evidence may be relevant, the Court will not exclude it at this time. But the parties should submit a proposed jury instruction explaining that evidence of third-party conduct may be relevant to the determination of damages but not to the question of liability.

*H. The Red Cross's Good Character*

Sturgill sought to exclude reference to the Red Cross's "good character." ECF No. 114, PageID.3800. The Court will deny the motion because parties are entitled to introduce some amount of background evidence, and that evidence may discuss charitable topics. Fed. R. Evid. 401; *In re Bard IVC Filters Prods. Liab. Litig.*, No. 16-cv-00474, 2018 WL 934795, at *2 (D. Ariz. Feb. 15, 2018); *Baklid-Kunz v. Halifax*

*Hosp. Med. Ctr.*, No. 6:09-cv-1002, 2014 WL 12634926, at *2 (M.D. Fla. June 19, 2014). But the Red Cross may not attempt to "try this case on the basis of corporate character." *In re Bard*, 2018 WL 934795, at *2 (citing Fed. R. Evid. 404(a)). The Court will thus "draw appropriate lines on the basis of objections made during trial." *Id.*

###### I. *Collateral Sources*

Sturgill next sought to exclude mention of collateral sources. ECF No. 114, PageID.3800–3801. The collateral source rule "bars a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor." *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994). That rule, however, does not apply to evidence of later earnings used to support a reduction of a backpay award. *Burton v. Zwicker & Assocs., PSC*, 577 F. App'x 555, 563 (6th Cir. 2014) ("Generally, an award of back pay should be offset by the plaintiff's earnings from other jobs."); *Hance v. Norfolk S. Ry. Co.*, 571 F.3d 511, 521 (6th Cir. 2009) (observing that "back-pay awards should make a plaintiff whole, not better off"). Accordingly, the Court will grant Sturgill's request to exclude collateral sources and will note such exclusion does not apply to evidence of mitigation or her earnings from subsequent jobs.

###### J. *Religious Accommodation Business Records*

Sturgill last requested the Court "not prematurely exclude" relevant business record evidence. ECF No. 114, PageID.3802. Plaintiff seemingly made this request in anticipation of Red Cross's Motion in Limine No. 5, ECF No. 119. The parties should refer to the Court's order on that motion. *See* ECF No. 142.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion in Limine [114] is **GRANTED IN PART and DENIED IN PART as discussed above**.

**IT IS FURTHER ORDERED** that the parties must **SUBMIT** a joint, proposed jury instruction as described above **no later than the close of Sturgill's case in chief.**

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 7, 2025