UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE STURGILL,

               Plaintiff,

v.

THE AMERICAN RED CROSS,

               Defendant.

_____/

Case No. 2:22-cv-11837

HONORABLE STEPHEN J. MURPHY, III

## JOINT FINAL PRETIAL ORDER

The parties submit the following Joint Final Pretrial Order ("JFPTO"), Counsel for the parties had a video conference on March 17, 2025 to discuss the contents of the Joint Final Pretrial Order.

(1)    JURISDICTION.

The jurisdiction of this court is invoked pursuant to Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e], and 42 U.S.C. §1331. Neither party contests jurisdiction.

(2)    PLAINTIFF'S CLAIMS

Plaintiff Aimee Sturgill worked for the American Red Cross as a Clinical Services Nurse Specialist for over 21 years prior to her unlawful termination. Plaintiff was a cherished healthcare worker during the pandemic, collecting blood while following all safety protocols, such as mask wearing and social distancing. On October 28, 2021, CEO Gail McGovern announced a COVID-19 vaccine mandate

1

requiring employees to be vaccinated by December 31, 2021.  Even before the policy was formalized, Plaintiff submitted her September 29, 2021 religious accommodation request to be exempt from the COVID-19 vaccine.  Defendant first denied Plaintiffs accommodation request because "[a]t this time, American Red Cross is not requiring employees to be vaccinated unless otherwise required by local law."  Plaintiff submitted a second religious accommodation on November 9, 2021, which contained the sincerely held religious beliefs preventing her from vaccinating.  On November 19, 2021, Jeffrey Larroca, an outside attorney hired by Defendant to make all decisions on religious accommodation requests, denied Plaintiff's submission.  Plaintiff appealed and further described her sincerely held religious beliefs.  On December 6, 2021, Defendant "considered the additional information" that was submitted and denied Plaintiff again.  Despite Plaintiff risking her health by continuing to perform healthcare work during the height of the pandemic, Defendant fired her with no justification on January 5, 2022, two years after the pandemic began.  The termination clearly violates Title VII of the Civil Rights Act, for which Plaintiff is entitled to economic damages, punitive damages, and damages for nonpecuniary losses.

(3)    DEFENDANT'S DEFENSES

### A. Ms. Sturgill cannot establish a Title VII – Failure to Accommodate Claim.

Ms. Sturgill's decision to avoid the COVID-19 vaccine stems from a personal moral code and medical preference, and not a sincerely held *bona fide* religious belief, and therefore does not warrant Title VII protection.

In order to establish a Title VII failure to accommodate claim Ms. Sturgill must prove that: "(1) [s]he holds a sincere religious belief that conflicts with an employment requirement, (2) [s]he has informed the employer about the conflict, and (3) [s]he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Reed v. UAW*, 569 F.3d 576, 580 (6th Cir. 2009); *Fields v. Rainbow Rehab. Ctr., Inc.,* 833 F. Supp. 2d 694, 699 (E.D. Mich. 2011).

In order to satisfy the first prong, Ms. Sturgill must show that her belief to not receive the COVID-19 vaccine is: (1) sincerely held, and (2) religious in nature. *Welsh v. United States*, 398 U.S. 333, 339 (1970); *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 55-56 (1st Cir. 2002).

Ms. Sturgill cannot establish that she meets these factors because her Accommodation Request evidenced a personal preference and medical concern to avoid complying with the Red Cross' vaccine mandate which required that all of its employees receive the COVID-19 vaccine by January 18, 2022. Ms. Sturgill has demonstrated inconsistent practice in that she takes some medications but not others, and permits her children to be vaccinated, among other things. Further, she has admitted to taking medications if there is a perceived medical benefit to her. Ms. Sturgill has admitted that she has concerns about the safety of the COVID-19 vaccine, and that motivated her decision to not get vaccinated.

**B. Ms. Sturgill cannot prove she is entitled to back-pay damages. Alternatively, if she is entitled to back-pay damages, those damages are limited to the period of unemployment immediately after her separation from the Red Cross.**

3

Ms. Sturgill cannot establish with reasonable certainty actual back-pay damages incurred. *Szeinbach v. Ohio State Univ.,* 820 F.3d 814, 821 (6th Cir. 2016).

Even if she is entitled to back-pay damages, Ms. Sturgill held comparable employment almost immediately at the time of her separation from the Red Cross. At the time of her termination, Ms. Sturgill was working for the Red Cross on a part time basis and was earning approximately $40 an hour. On February 28, 2022, approximately six weeks after her separation from the Red Cross, Ms. Sturgill found comparable employment with Corso Hospice Care as a nurse manager in which she was paid $40 an hour, and worked on a part time basis. Ms. Sturgill voluntarily left her job with Corso Care and immediately found another comparable position with Hospice of Michigan.

She later voluntarily left that position as well because the schedule there did not accommodate certain family responsibilities that had recently arisen. Following her departure from Hospice of Michigan, Ms. Sturgill again found immediate and comparable employment as a staff nurse with Heritage Dialysis—where she remains employed and receives a higher rate of pay (at $45 an hour) than she was receiving at the Red Cross.

### C. Ms. Sturgill has not established that reinstatement is no longer feasible. Alternatively, she cannot demonstrate that she is entitled to front-pay damages.

Ms. Sturgill has no evidence demonstrating that reinstatement is no longer a viable option. If successful on her Title VII claim, a plaintiff is "presumptively entitled to reinstatement." *Shore v. Fed. Express Corp.*, 777 F.2d 1155, 1159 (6th Cir. 1985).

4

But "when an appropriate position for the plaintiff is not immediately available without displacing an incumbent employee, courts have ordered reinstatement upon the opening of such a position and have ordered front pay to be paid until reinstatement occurs." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001).

To the extent she is able to prove that reinstatement is not feasible, Ms. Sturgill is not entitled to front-pay damages because she has held comparable employment almost immediately since she left the Red Cross.

### D. Ms. Sturgill is not entitled to punitive damages

Recovery for punitive damages is appropriate under Title VII only when a claimant can demonstrate by a preponderance of the evidence that the employer "engaged in a discriminatory practice . . . with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). To prove punitive damages, a plaintiff must show: (1) that the individuals perpetrating the discrimination acted with malice or reckless disregard; (2) the discriminatory actor must have worked in a managerial capacity and acted within the scope of employment; and (3) the employer may avoid liability by demonstrating good faith efforts to comply with Title VII. *Kolstad v. American Dental Association*, 527 U.S. 526, 539 (1999),

Ms. Sturgill cannot prove that the Red Cross acted with malice or with reckless indifference.

5

The Red Cross instituted an organization-wide vaccine mandate on October 28, 2021 which required all employees to receive the COVID-19 vaccine, unless granted an accommodation. The Red Cross also implemented a structured accommodation request process for employees to submit medical and religious accommodation requests, which were referred to and evaluated by outside counsel, Jeffrey Larroca.

Mr. Larroca processed religious accommodation requests by comparing the requests to EEOC guidelines and cases noted therein, administrative regulations, and by referring to continuously evolving COVID-19 national and state law, which set forth the requirements needed in evaluating whether a claimed belief was both: (a) sincerely held and (b) religious in nature. Each accommodation request was treated on a case-by-case basis and analyzed in its totality. When a request submitted by an employee required additional information Red Cross Human Resources requested that information.

In a good faith effort to comply with Title VII, Mr. Larroca engaged in the exact process described above in evaluating Ms. Sturgill's Accommodation Request. However, Ms. Sturgill's Accommodation Request did not demonstrate a religious basis for her decision to not receive the COVID-19 vaccine, and it was therefore denied.

(4)    STIPULATION OF FACTS

1.    Aimee Sturgill was employed by the Red Cross.
2.    Aimee Sturgill held the position of Nurse Specialist.
3.    On October 28, 2021, the Red Cross announced a COVID-19 vaccine mandate.
4.    On November 9, 2021, Aimee Sturgill submitted a religious accommodation request.

5.   On November 19, 2021, the Red Cross concluded that Ms. Sturgill did not meet the requirements for a religious accommodation under Title VII and denied Plaintiff's request.

6.   The Red Cross's November 19, 2021 letter stated reasons why it denied Ms. Sturgill's accommodation request and permitted her to provide additional information.

7.   Ms. Sturgill submitted additional information.

8.   On December 6, 2021, the Red Cross denied Ms. Sturgill's accommodation request.

9.   On February 28, 2022, Ms. Sturgill started a new job at Corso Hospice Care as a nurse manager.

(5)   ISSUES OF FACT TO BE LITIGATED

(A)   PLAINTIFF.

1.   Does Plaintiff possess sincerely held religious beliefs that prevent COVID-19 vaccination?

2.   Did Defendant engage in any interactive process as recommended by the EEOC?

3.   Did Defendant make religion a factor in Plaintiff's termination?

4.   Has Plaintiff suffered economic damages due to Defendant's conduct?

5.   Has Plaintiff suffered non-economic damages due to Defendant's conduct?

6.   Is Plaintiff entitled to punitive damages?

The Red Cross objects to Plaintiff's Issue of Facts Nos. 2 and 5.

As to Plaintiff's Issue of Fact No. 2, the Red Cross notes that Title VII does not require an interactive process. *Haskins v. Bio Blood Components*, No. 1:22-cv-586, 2023 WL 2071483 *3 (W.D. Mich. Feb. 17, 2023) (there is no requirement for a "'sit down meeting' or an interactive process" under Title VII); *Bey v. Pocono Med. Ctr.,* No. 3:23-CV-688, 2024 WL 1977986, *8 (M.D. Pa. May 3, 2024).

The Red Cross objects to Plaintiff's Issue of Fact No. 5 on the grounds that this Court dispensed of Plaintiff's right to recover non-economic damages. *See* ECF No. 93.

(B)   DEFENDANT.

1.   Is Ms. Sturgill's objection to the COVID-19 vaccine based on a belief that is sincerely held?

2.   Is Ms. Sturgill's objection to the COVID-19 vaccine based on a truly religious belief?

7

3.      Is Ms. Sturgill's objection to the COVID-19 vaccine based on a medical reason rather than a religious concern?

4.      Does Ms. Sturgill subjectively decide which medicines can enter her body?

5.      Is Ms. Sturgill concerned about the safety and efficacy of the COVID-19 vaccine?

6.      Did Ms. Sturgill find comparable employment after her separation from the Red Cross?

7.      Did Ms. Sturgill voluntarily leave subsequent positions held after her time at the Red Cross?

8.      Does Ms. Sturgill earn a higher rate of pay at her current position at Heritage Dialysis?

9.      If Ms. Sturgill prevails on her Title VII claim, does she have a basis for reinstatement, front pay, back pay, and/or punitive damages?

(6)      ISSUES OF LAW TO BE LITIGATED.

(A)      PLAINTIFF.

1.      Has Plaintiff established a claim of religious discrimination - failure to accommodate under Title VII, 42 U.S.C. §1981?

(B)      DEFENDANT

1.      Has Ms. Sturgill demonstrated that her aversion to the COVID-19 vaccine was based on a belief that was: (1) sincerely held, and (2) religious in nature?

2.      Has Ms. Sturgill proven that she is entitled to back-pay damages?

3.      Even if Ms. Sturgill is entitled to back-pay damages, is any award of back-pay damages limited to the period between January 3, 2022 and February 28, 2022, when she was terminated from the Red Cross and when she began her job at Corso Hospital Care?

4.      Has Ms. Sturgill proven that reinstatement to her position at the Red Cross is no longer a viable option so that she can pursue front-pay damages?

5.      Alternatively, to the extent Ms. Sturgill can prove that reinstatement is no longer viable, has Ms. Sturgill established that she is entitled to front-pay damages?

6.      Has Ms. Sturgill established that she is entitled to punitive damages?

(7)   EVIDENCE PROBLEMS LIKELY TO ARISE AT TRIAL.

(A)   PLAINTIFF.

1.      Defendant is poised to attack Plaintiff with evidence that was unknown to Defendant at the time Defendant made the decision to deny Plaintiff's religious accommodation request—harkening back to the Salem Witch Trials.  This is not a witch trial.  Plaintiff can put on evidence regarding the sincerity of her religious beliefs, but Defendant cannot attempt a character assassination that bears no resemblance to Defendant's religious accommodation evaluation process.

2.    Defendant is going to have Mr. Larroca fabricate reasons that Defendant denied Plaintiff's religious accommodation request that depart from his deposition testimony.

3.    Defendant attempted at Plaintiff's deposition to quiz her on biblical trivia, attempting to undercut Plaintiff's religious beliefs with evidence that she does possess a requisite knowledge of the Bible to be considered a true Christian.

Defendant's Objections to Plaintiff's Evidence Issues:[1]

Plaintiff's listed contentions are in violation of this Court's rules of professionalism and civility. On that basis, Issue Nos. 1-3, specifically, do not warrant a response.

(B)    DEFENDANT.

(8)    WITNESSES.

(A)    PLAINTIFF.

WILL CALL

1.    Aimee Sturgill, Plaintiff

2.    Jason Sturgill, Plaintiff's husband

3.    Jeffrey Larroca – adverse witness

MAY CALL

1.    Gail McGovern – adverse witness

---

[1] This section has been modified to comport with the Court's recent orders on the parties' motions in *limine*.

2.      Heather Kayne – adverse witness

3.      Carroll Robinette – adverse witness

4.      Melissa Hurst – adverse witness

5.      Cliff Holtz – adverse witness

6.      Holly Huber – adverse witness

7.      Jane Rooney – adverse witness

8.      Michele Klawitter – adverse witness

9.      Rebuttal witnesses as necessary

The Red Cross objects to witnesses, Gail McGovern, Cliff Holtz, Holly Huber Jane Rooney, and Michele Klawitter. These witnesses do not have specific knowledge on the review of Ms. Sturgill's accommodation request. In addition, Ms. McGovern and Mr. Holtz, who are the Red Cross' CEO and COO, respectively, have no knowledge regarding Ms. Sturgill's case. The Red Cross contends that they are being added to the witness list for improper purposes.

(B)    DEFENDANT

WILL CALL

1.      Aimee Sturgill

2.      Jeffrey Larroca

3.      Melissa Hurst

MAY CALL

1.      Heather Kayne

2.      Caroll Robinette

3.   Dr. Daisy Angeles

4.   Rebuttal witnesses as necessary

(9)   EXHIBITS

(A)   PLAINTIFF.[2]

| Exhibit No. | Description | Bates Label | Date Produced in Discovery | Date Offered for Trial | Objected To | Received |
|---|---|---|---|---|---|---|
| 1. | Resume | ARC000002-000003 | April 8, 2023 | April 8, 2023 | Relevance. Her qualifications aren't an issue. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 2. | Performance Reviews (ARC66-ARC100) | ARC000066-000100 | April 8, 2023 | April 8, 2023 | Relevance. Her performance isn't an issue. Hearsay. Lack of foundation. Prejudicial. (Fed. R. Evid. 401-403, 802, 901). | |

---

[2] In addition to the specific objections notes herein, the Red Cross also notes its general objection to Plaintiff's exhibit list as unreasonable, unduly burdensome, and not proportional to the needs of the case.

| | | | | | | |
|---|---|---|---|---|---|---|
| 3. | Legal Insights with Jeffrey Larroca | | June 2, 2025 | June 2, 2025 | Not produced in discovery. Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 4. | Compliments AS167-169 | AS000167-000169 | April 8, 2023 | April 8, 2023 | Relevance. Her performance is not an issue. Hearsay. Lack of foundation. Prejudicial. | |
| 5. | Social Media Posts (AS309-329) | AS000309-000329 | February 28, 2023 | February 28, 2023 | Hearsay. Lack of Foundation. Prejudicial. Waste of time. (Fed. R. 403, 802, 901). | |
| 6. | Sturgill 2018 Medical Accommodation (ARC1542) | ARC001542 | August 9, 2023 | August 9, 2023 | | Already included in Angeles medical file.  No objection in conjunction with deposition and rest of medical records.  Otherwise |

| | | | | | | out of context. |
|---|---|---|---|---|---|---|
| 7. | Sturgill Communication with HR (First Denial) ARC411-418) | ARC000411-000418 | April 8, 2023 | April 8, 2023 | Hearsay. Lack of Foundation. (Fed. R. Evid. 802, 901). | |
| 8. | Sturgill Email to Amanda Martinez re Request for Accommodation 2021.09.13 (AS165) | AS000165 | February 28, 2023 | February 28, 2023 | Relevance. Hearsay. Lack of foundation. Prejudicial. Waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 9. | Sturgill Injection Record (ARC1474) | ARC001474 | August 9, 2023 | August 9, 2023 | | Already included in Angeles medical file.  No objection in conjunction with deposition and rest of medical records.  Otherwise out of context. |
| 10. | Sturgill Work from Home (AS238-239) | AS000238-000239 | February 28, 2023 | February 28, 2023 | Relevance. Hearsay. Lack of foundation. Prejudicial. Confusing and waste of time. | |

|  |  |  |  |  | (Fed. R. Evid. 401-403, 802, 901). |  |
|---|---|---|---|---|---|---|
| 11. | Approved Accommodation Testing Requirement (ARC1354-1355) | ARC001354-001355 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). |  |
| 12. | December 2021 Retention Bonus (AS00011) | AS000011 | February 28, 2023 | February 28, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). |  |
| 13. | Delivery Drivers Not Required to Screen (AS233-235) | AS000233-000235 | February 28, 2023 | February 28, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). |  |
| 14. | Red Cross Ignoring Preliminary Injunction (AS00012) | AS000012 | February 28, 2023 | February 28, 2023 | Relevance. Hearsay. Lack of foundation. Prejudicial. Confusing |  |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 15. | ARC Not a Healthcare Facility (AS38-39) | AS000038-000039 | April 8, 2023 | April 8, 2023 | Relevance. August 2021. Predates mandate. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 16. | 2020.05.20 Work From Home Tips (ARC988-989) | ARC000988-000989 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 17. | 2020.05.21 Cliff Holtz Email (Preparing for Next Phase) ARC157 | ARC000157 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 18. | 2020.12.10 Quarantine | ARC000783-000786 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Guidelines (ARC783-786) | | | | Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 19. | 2021.03.29 McGovern My Life After Vaccination (ARC1069) | ARC001069 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 20. | 2021.04.09 Fauci Vaccine Symposium (ARC1000-1001) | ARC001000-001001 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 21. | 2021.05.19 McGovern Update (ARC1054-1055) | ARC001054-001055 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 22. | 2021.11.01 Accommodation Inquiry (AS262) | AS000262 | April 8, 2023 | April 8, 2023 | Confusing and waste of time. | |
| 23. | 2021.11.08 Email to Sturgill (AS170-171) | AS000170-000171 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 24. | 2021.11.29 COVID-19 Virtual Work Resources (ARC667-669) | ARC000667-000669 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 25. | 2021.12.17 Accommodation Inquiry (AS263) | AS000263 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 26. | 2021.12.28 COVID-19 Vaccination Status | AS000249 | April 8, 2023 | April 8, 2023 | | |
| 27. | 2022.03.03 Return to Work and Mask | ARC000441-000442 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Guidance (ARC441-442) | | | | Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 28. | 2022.04.14 COVID-19 Blood Drive Policy (ARC447-448) | ARC000447-000448 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 29. | 2022.04.30 COVID-19 Guidance Changes (ARC449-450) | ARC000449-000450 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 30. | ARC COVID-19 Policies (AS136-141) | AS000136-000141 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 31. | ARC Exposure Screening Policy (ARC305-309) | ARC000305-000309 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 32. | Checklist for Reviewing Religious Accommodation Request (ARC401) | ARC000401 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 33. | Corporate Structure ARC127-ARC149 | ARC000127-000149 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 34. | COVID-19 Exposure Prevention Plan ARC306-309 | ARC000306-000309 | April 8, 2023 | April 8, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 35. | COVID-19 Vaccine Employee Flow | ARC000841-000842 | April 8, 2023 | April 8, 2023 | | |

| | | | | | |
|---|---|---|---|---|---|
| | Chart (ARC841-842) | | | | |
| 36. | December 2021 Staffing Shortages (AS0009-AS0010) | AS000009-000010 | February 28, 2023 | February 28, 2023 | |
| 37. | Employee Accommodation Appeal Approved by Larroca (ARC1290-1292) | ARC001290-001292 | August 9, 2023 | August 9, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. Disparate treatment claim dismissed. Incomplete document. (Fed. R. Evid. 401-403, 802, 901). |
| 38. | Employee Appeal Approval (ARC1228) | ARC001228 | August 9, 2023 | August 9, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. Disparate treatment claim dismissed. Incomplete document. (Fed. R. Evid. 401-403, 802, 901). |
| 39. | Employee Religious Accommodation | ARC001109 | August 9, 2023 | August 9, 2023 | Relevance. Authenticity. Hearsay. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Approval (ARC1109) | | | | Lack of foundation. Confusing and waste of time. Disparate treatment claim dismissed. (Fed. R. Evid. 401-403, 802, 901). | |
| 40. | Employee Religious Accommodation Approval Letter (ARC1129) | ARC001129 | August 9, 2023 | August 9, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. Disparate treatment claim dismissed. Incomplete document. (Fed. R. Evid. 401-403, 802, 901). | |
| 41. | Intake Questions for COVID-19 Vaccine Accommodations (ARC389) | ARC000389 | April 8, 2023 | April 8, 2023 | | |
| 42. | July 2021 Updated Safety Protocols (AS57-62) | AS0000057-000062 | April 8, 2023 | April 8, 2023 | | |
| 43. | Mitigation Information (AS295-309) | AS000295-000309 | February 28, 2023 | February 28, 2023 | Hearsay. Lack of foundation. | |

| | | | | | (Fed. R. Evid. 802, 901). | |
|---|---|---|---|---|---|---|
| 44. | OGC COVID-19 Accommodation Intake Form (ARC394) | ARC000394 | April 8, 2023 | April 8, 2023 | Relevance. Incomplete Hearsay. Lack of Foundation. (Fed. R. Evid. 802, 901). | |
| 45. | Plasma to Treat COVID-19 (AS101-108) | AS000101-000108 | February 28, 2023 | February 28, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 46. | Red Cross Quarantine Process (ARC769-772) | ARC000769-000772 | February 28, 2023 | February 28, 2023 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| 47. | Regional Covid Response Policy ARC150-ARC152 | ARC000150-000152 | February 28, 2023 | February 28, 2023 | Relevance. Hearsay. Lack of foundation. Draft. Confusing and waste of time. (Fed. R. Evid. 401- | |

| | | | | | 403, 802, 901). | |
|---|---|---|---|---|---|---|
| 48. | Vaccine Lunch and Learn 11.21 (AS0003-0006) | AS000003-000006 | February 28, 2023 | February 28, 2023 | Hearsay. Lack of Foundation. (Fed. R. Evid. 802, 901). | |
| 49. | Vaccine Priority Invite (AS204) | AS000204 | February 28, 2023 | February 28, 2023 | Hearsay. Relevance. Lack of Foundation. (Fed. R. Evid. 802, 901). | |

     (B)   DEFENDANT.

| Exhibit No. | Description | Bates Label | Date Produced in Discovery | Date Offered for Trial | Objected To | Received |
|---|---|---|---|---|---|---|
| A. | Executive Order No. 14042 | N/A | | March 18, 2025 | Relevance. Hearsay. Lack of foundation. Confusing and waste of time. (Fed. R. Evid. 401-403, 802, 901). | |
| B. | November 19, 2021 Red Cross Denial of Sturgill November 9, 2021 Religious Accommodation Request | AS000252-253 | February 28, 2023 | February 28, 2023 | | |
| C. | Medical Records | ARC001464-1474, 1484- | August 9, 2023 | August 9, 2023 | Relevance. Hearsay. |  |

| | | | | | | |
|---|---|---|---|---|---|---|
| | (Dr. Daisy Angeles) | 1485, 1542, 1559 | | | Lack of foundation. Confusing and waste of time. Information not known at time of decision making. (Fed. R. Evid. 401-403, 802, 901). | |
| D. | Sturgill's Supplemental Answers to Interrogatories Nos. 10, 11, 12, 16, 17, 20. | | February 28, 2023 | February 28, 2023 | | |

(C) JOINT.

| Exhibit No. | Description | Bates Label | Date Produced in Discovery | Date Offered for Trial | Objected To | Received |
|---|---|---|---|---|---|---|
| 1. | Clinical Services Nurse Specialist Job Profile | ARC0000062-63 | April 8, 2023 | April 8, 2023 | | |
| 2. | Red Cross COVID-19 Mandate | AS0000022-23 | February 28, 2023 | February 28, 2023 | | |
| 3. | Red Cross 10/29/2021 Email re: COVID-19 Vaccine Requirement Critical Upcoming Deadlines | AS0000024-25 | February 28, 2023 | February 28, 2023 | | |

| 4. | Email 12/9/2021 re: COVID-19 Reminder and Key Dates | AS0000248 | February 28, 2023 | February 28, 2023 | | |
| 5. | Pre-Mandate Accommodation Request (ARC419-422) | ARC419-422 | February 28, 2023 | February 28, 2023 | | |
| 6. | Email 10/14/2021 re: HR Case HRC213550 | AS000260 | February 28, 2023 | February 28, 2023 | | |
| 7. | Sturgill November 9, 2021 Religious Accommodation Request | AS000268-271 | February 28, 2023 | February 28, 2023 | | |
| 8. | Sturgill Additional Information Letter | AS000254 | February 28, 2023 | February 28, 2023 | | |
| 9. | Larroca Denial Communication (ARC1082-1084) | ARC001082-001084 | August 9, 2023 | August 9, 2023 | | |
| 10. | December 6, 2021 Red Cross Denial Letter | AS000255 | February 28, 2023 | February 28, 2023 | | |
| 11. | Red Cross 11/18/2021 Email Re: Additional Information about Red Cross Vaccine Requirement. | ARC 001013 | February 28, 2023 | February 28, 2023 | | |
| 12. | Red Cross January 4, 2022 Letter | ARC000001 | April 8, 2023 | April 8, 2023 | | |
| 13. | Sturgill Employee File | ARC000007-59 | April 8, 2023 | April 8, 2023 | | |
| 14. | Red Cross Vaccine Mandate Accommodation Request Process | ARC000390-401 | April 8, 2023 | April 8, 2023 | | |
| 15. | Paystubs | AS000330-31 | April 8, 2023 | April 8, 2023 | | |

| 16. | Paystubs | AS000294 | April 8, 2023 | April 8, 2023 | | |
| 17. | EEOC Guidance - Section 12 | N/A | | March 18, 2025 | | |
| 18. | Accommodation Request Process (AS180-181) | AS000180-000181 | April 8, 2023 | April 8, 2023 | | |
| 19. | Deadlines (AS243-244) | AS000243-000244 | April 8, 2023 | April 8, 2023 | | |
| 20. | Process for Legal Review of COVID-19 Accommodation Requests (ARC386-388) | ARC000386-000388 | April 8, 2023 | April 8, 2023 | | |
| 21. | Vaccination Deadline January 3 2022 (AS00013) | AS000013 | February 28, 2023 | February 28, 2023 | | |
| 22. | Pre-Mandate Accommodation Denial (AS258-260) | AS000258-000260 | February 28, 2023 | February 28, 2023 | | |
| 23. | National COVID-19 Vaccine Mandate (ARC459-461) | ARC000459-000461 | April 8, 2023 | April 8, 2023 | | |
| 24. | 2020 Gail McGovern Communications (ARC1007-1009) | ARC001007-001009 | April 8, 2023 | April 8, 2023 | | |
| 25. | 2021.06.29 Future of Virtual Work (ARC1052-1053) | ARC001052-001053 | April 8, 2023 | April 8, 2023 | | |
| 26. | 2021.09.11 Vaccine Mandate Email | AS000164 | April 8, 2023 | April 8, 2023 | | |
| 27. | 2021.09.29 Executive Order Update (ARC1033-1034) | ARC001033-001034 | April 8, 2023 | April 8, 2023 | | |
| 28. | 2021.10.29 Vaccine Mandate | ARC001042-001043 | April 8, 2023 | April 8, 2023 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Information (ARC1042-1043) | | | | | |
| 29. | 2021.11.08 What Federal Mandates Mean for Red Cross (ARC1002-1003) | ARC001002-001003 | April 8, 2023 | April 8, 2023 | | |
| 30. | 2021.12.22 COVID-19 Vaccine Requirement Update (ARC476) | ARC000476 | April 8, 2023 | April 8, 2023 | | |
| 31. | 2021.12.23 Testing Requirements for COVID-19 Vaccine Accommodation (ARC443) | ARC000443 | April 8, 2023 | April 8, 2023 | | |
| 32. | 2021.12.06 COVID-19 Vaccination Status (AS247) | AS000247 | April 8, 2023 | April 8, 2023 | | |
| 33. | 2022.01.05 Updated COVID-19 Quarantine and Isolation Safety Protocols (ARC445-446) | ARC000445-000446 | April 8, 2023 | April 8, 2023 | | |
| 34. | COVID-19 Lunch and Learn (AS272-293) | AS000272-000293 | February 28, 2023 | February 28, 2023 | | |
| 35. | OSHA Lawsuit Announcement (AS27-28) | AS000027-000028 | February 28, 2023 | February 28, 2023 | | |
| 36. | OSHA Mandate Announcement (AS20-21) | AS000020-000021 | February 28, 2023 | February 28, 2023 | | |

(10)   DAMAGES.

  (A)   PLAINTIFF.

1.    Damages for loss in compensation (back pay), as well as damages for loss in future earnings (front pay).

2.    Damages for nonpecuniary losses.

3.    Punitive Damages.

4.    Pre-judgment interest.

5.    Reasonable Attorney Fees.

(B)    DEFENDANT.

Defendant objects to Plaintiff's claimed damages. First, in violation of Local Rule 16(b)(10), Ms. Sturgill is required to itemize all claimed damages and specifically show by objective data how damages are calculated. Ms. Sturgill has failed to do so with respect to all damages claimed above.

(11)    TRIAL.

(A)    JURY OR NON-JURY

This is a jury trial.

Defendant contends that the Red Cross is not subject to a jury trial.

(B)    ESTIMATED LENGTH OF TRIAL.

PLAINTIFF:

Plaintiff's proofs are estimated to take 2-3 days.

DEFENDANT:

The Red Cross' defense is estimated to take 2-3 days.

(12)   SETTLEMENT.

Plaintiff has rejected the Red Cross' settlement offers. Plaintiff is not interested in settling the matter.

(13)   FILING OF TRIAL BRIEFS, FINDINGS AND INSTRUCTIONS.

Trial briefs and requests for jury instructions must be filed five days prior to the start of trial.

(14)   JUROR COSTS ATTRIBUTABLE TO PARTIES.

The parties and their counsel understand that, in accordance with LR 38.2, the expense to the United States of bringing jurors to the courthouse for a trial may be assessed to one or more of the parties or counsel if the jury trial has not begun as scheduled or the jurors are not used for that trial for any reason attributable to the parties or counsel. Also, it is the policy of the Judicial Conference of the United States that any last-minute settlements and continuances which result in unnecessary juror fees and expenses be penalized by the assessment of costs against the responsible attorney or party. See also LR 40.2.

Jointly submitted:

/s/ Noah S. Hurwitz                          /s/ Constantinos G. Panagopoulos

Noah S. Hurwitz                              Constantinos G. Panagopoulos

Attorney for Plaintiff                       Attorney for Defendant


This has been adopted as the Final Pretrial Order of this Case by the Court

on July 9, 2025.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 9, 2025