# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AIMEE STURGILL,

        Plaintiff,

v.

THE AMERICAN RED CROSS,

        Defendant.

Case No. 2:22-cv-11837

Hon. Stephen J. Murphy III

| | |
|---|---|
| Noah S. Hurwitz (P74063) <br> Colin H. Wilkin (P86243) <br> HURWITZ LAW PLLC <br> *Attorneys for Plaintiff* <br> 340 Beakes St., Suite 125 <br> Ann Arbor, MI 48104 <br> (844) 487-9489 <br> noah@hurwitzlaw.com <br> colin@hurwitzlaw.com | Constantinos G. Panagopoulos (Bar No. 430932) <br> *Admitted to Practice in E.D. Mich.* <br> BALLARD SPAHR, LLP <br> *Attorneys for Defendant* <br> 1909 K. Street NW – 12th Floor <br> Washington, DC 20006 <br> 202-661-2202 <br> cpg@ballardspahr.com |

### PLAINTIFF'S TRIAL MOTION FOR A CURATIVE INSTRUCTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 105

Plaintiff Aimee Sturgill ("Plaintiff"), by and through her attorneys, Hurwitz Law PLLC, and pursuant to Fed. R. Civ. P. 105, respectfully moves for a curative instruction related to Jeff Larroca's July 9, 2025 trial testimony for the reasons stated in the attached Brief In Support.

        Respectfully submitted,

        /s/ *Noah S. Hurwitz*
        Noah S. Hurwitz (P74063)

HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

July 9, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AIMEE STURGILL,

        Plaintiff,

v.

THE AMERICAN RED CROSS,

        Defendant.

Case No. 2:22-cv-11837

Hon. Stephen J. Murphy III

| | |
|---|---|
| Noah S. Hurwitz (P74063) <br> Colin H. Wilkin (P86243) <br> HURWITZ LAW PLLC <br> *Attorneys for Plaintiff* <br> 340 Beakes St., Suite 125 <br> Ann Arbor, MI 48104 <br> (844) 487-9489 <br> noah@hurwitzlaw.com <br> colin@hurwitzlaw.com | Constantinos G. Panagopoulos (Bar No. 430932) <br> *Admitted to Practice in E.D. Mich.* <br> BALLARD SPAHR, LLP <br> *Attorneys for Defendant* <br> 1909 K. Street NW – 12th Floor <br> Washington, DC 20006 <br> 202-661-2202 <br> cpg@ballardspahr.com |

**BRIEF IN SUPPORT OF PLAINTIFF'S
TRIAL MOTION FOR A CURATIVE INSTRUCTION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 105</u>**

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ....................................................................................... iii

**STATEMENT OF ISSUES PRESENTED** ............................................................. iv

**INTRODUCTION** ......................................................................................................1

**STANDARD OF REVIEW** .......................................................................................6

**ARGUMENT** .............................................................................................................6

    **I.**    **LARROCA'S TESTIMONY VIOLATED THE LAW OF THE CASE.** ...................................................................................................6

**CONCLUSION** ..........................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Africa v. Pennsylvania*, 662 F.2d 1025 (3d Cir. 1981)..................................................1

*Bobnar v. AstraZeneca Pharms. LP*, 758 F. Supp. 3d 690 (N.D. Ohio 2024)...........2

*Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487 (3d Cir. 2017) ........................................................................................................6

*Harvey v. Blue Cross Blue Shield of Michigan*, 2024 WL 4235475 (E.D. Mich. Sept. 19, 2024) ...........................................................................................................3

*Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999)...................................................................................................................5

*Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241 (6th Cir. 2024)..................2

*Scott v. Churchill*, 377 F.3d 565 (6th Cir. 2004) ..........................................................4

*Sturgill v. Am. Red Cross*, 114 F.4th 803 (6th Cir. 2024)................................. 2, 4, 8

*Sturgill v. Am. Red Cross*, No. 22-CV-11837, 2025 WL 475839 (E.D. Mich. Feb. 12, 2025) ...............................................................................................................1

*United States v. Mazumder*, 800 F. App'x 392 (6th Cir. 2020)................................7

*United States v. Zipkin*, 729 F.2d 384 (6th Cir. 1984)................................................7

**Rules**

Fed. R. Civ. P. 105................................................................................................................5

Fed. R. Civ. P. 403................................................................................................................6

## **STATEMENT OF ISSUES PRESENTED**

      I.    Whether this Court should provide a curative instruction to the jury regarding Mr. Larroca's trial testimony where (a) Mr. Larroca testified extensively regarding legal authority that contradicts the law of this case; (b) the testimony, at most, may bear some relevance as to punitive damages, but is improper for any other purpose; and (c) any probative value of evidence is substantially outweighed by the danger of unfair prejudice, confusion, and misleading the jury.

      **Plaintiff Answers Yes.**

## INTRODUCTION

On Day 3 of the trial (July 9, 2025), Defendant elicited testimony from Jeffrey Larroca and then mischaracterized the evidence as being relevant for a "good faith" defense. In doing so, Mr. Larroca poisoned the jury[1] with legal authority that this Court excised from the case on summary judgment—after the Sixth Circuit in multiple published opinions previously condemned *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487 (3d Cir. 2017), which borrowed the Third Circuit's "modern definition of religion" and concept of "blanket privilege" from *Africa v. Pennsylvania*, 662 F.2d 1025 (3d Cir. 1981). The law in this case delivered by the Honorable Sean F. Cox on February 12, 2025 is that "the Sixth Circuit has never endorsed the *Africa* test, but Sturgill's beliefs easily pass it if the Court accepts her proofs as true, as it must in this posture." *Sturgill v. Am. Red Cross*, No. 22-CV-11837, 2025 WL 475839, at *5 (E.D. Mich. Feb. 12, 2025). Judge Cox would expressly hold that "[a] reasonable jury that made all credibility determinations in Sturgill's favor would find that her opposition to Red Cross's vaccine mandate is protected under *Africa*'s framework. *Id.* at *5.

There is no "binding Supreme Court or Sixth Circuit case law that has adopted *Africa*'s three-factor framework for religious accommodations under Title VII."

---

[1] Jurors could be observed writing notes to themselves upon the mention of *Fallon* and "blanket privilege."

1

*Bobnar v. AstraZeneca Pharms. LP*, 758 F. Supp. 3d 690, 719 (N.D. Ohio 2024). Indeed, the Sixth Circuit Court of Appeals in reversing the original dismissal of this case rejected the entire tenor of Larroca's testimony.  See *Sturgill v. Am. Red Cross*, 114 F.4th 803 (6th Cir. 2024) ("Such reasoning is contrary to our First Amendment jurisprudence . . . religious beliefs need not be acceptable, logical, consistent, or comprehensible to others . . . Sturgill was not required to "cite to any tenet of the Lutheran church that opposes western medicine in general or the COVID vaccine specifically" . . .  "what forms Sturgill's protective view of her body are the tenets of her Christian faith. That faith instructs her to treat her body as a temple and not do anything that would 'defile' it" . . . "[s]he thus need not, as the Red Cross protests, 'provide a reason as to whether her aversion to the COVID-19 vaccine derives from a religious belief about vaccines in general, or whether her religion imposes a limitation solely to the COVID-19 vaccine.'").  This creates a serious incongruity in the proceeding because the jury has been told by lawyer-witness Larroca that the "law" on religious accommodation requires them to consider the three factors in *Africa* that are not the law in this case, including referencing at least six times that there is a law against "blanket privilege" **that was not even mentioned in Fallon and has been twice rebuked by published Sixth Circuit opinions** in *Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241 (6th Cir. 2024) and *Sturgill v. Am. Red Cross*, 114 F.4th 803 (6th Cir. 2024).  In stark contrast to the **law according to**

2

*Larroca*, the Honorable Terrence G. Berg recently summarized the Sixth Circuit's rejection of *Fallon*, as well as Africa's "blanket privilege" holding. Judge Berg held in *Harvey v. Blue Cross Blue Shield of Michigan*, 2024 WL 4235475, at *3 (E.D. Mich. Sept. 19, 2024) the following:

> The Sixth Circuit held that the plaintiff's allegations were sufficient to establish that "her refusal to receive the vaccine was an 'aspect' of her 'religious observance' or 'practice' or 'belief.'" (citing 42 U.S.C. § 2000e(j)). Specifically, the court noted that the plaintiff pled:
>
>> that she is "a non-denominational Christian" who believes she "should not have any vaccination enter her body such that her body would be defiled, because her body is a temple." She also pled that she "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." She pled further that—as to the Covid vaccine in particular—"God spoke to [her] in her prayers and directed her that it would be wrong to receive the COVID-19 vaccine." And she pled that, as a result of her beliefs, she refused to receive the vaccine.
>
> The Sixth Circuit stated that these are "allegations of particular facts– she prayed, she received an answer, she acted accordingly[,]" and that the plaintiff need not explain how "her religion has a specific tenet or principle that does not permit her to be vaccinated."
>
>        *    *    *
>
> The Sixth Circuit recently found again that similar allegations "were almost self-evidently enough to establish" that the plaintiff's refusal to receive the vaccine was an "aspect" of her religious observance and belief. See ***Sturgill v. American Red Cross***, –– F.4th ––––, 2024 WL 3886589, at *4 (6th Cir. Aug. 21, 2024) (stating that plaintiff's complaint "plausibly alleges that she prayed about whether to take the COVID-19 vaccine and concluded that not taking it would 'honor God and the temple he gave [her]'" and thus that her "'sincerely held

3

> religious beliefs prevent her from receiving the COVID-19 vaccination.' ").
>
> In applying Lucky and Sturgill, the Court concludes that Plaintiff's allegations in her proposed amended complaint are enough to "establish, at the pleading stage, that her refusal to receive the vaccine was an 'aspect' of her religious observance or belief." See Lucky, 103 F.4th at 1243; Sturgill, 2024 WL 3886589, at *3-4.

(internal citations omitted). Note that Plaintiff does not hide from the fact that *Lucky*, *Sturgill*, and *Harvey* were based on allegations at the pleading stage. However, **if Ms. Sturgill's trial testimony echoes her deposition testimony that led Judge Cox to hold that "Sturgill's beliefs easily pass [the Africa test] if the Court accepts her proofs as true,"** then we have a situation creating the utmost prejudice against Plaintiff if the jury accepts as true for purposes of liability any of Larroca's faux-legal expert testimony regarding the purported "law" that controls whether Ms. Sturgill has a sincerely-held religious belief that conflicts with Defendant's vaccine mandate. With Ms. Sturgill's professed religious beliefs endorsed by the Sixth Circuit as being "**self-evidently enough to establish that the plaintiff's refusal to receive the vaccine was an aspect of her religious observance and belief**" (*Sturgill*, 114 F.4th at 808), it would tear down Title VII and the religious accommodation jurisprudence to let Jeffrey Larroca instruct the jury on "bad law" that would render moot the "law of the case." See *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir. 2004) (The law-of-the-case doctrine "posits that when a court decides upon a rule of

4

law, that decision should continue to govern the same issues in subsequent stages in the same case.").

At most, Larroca's testimony could bear some relevance on the issue of damages, *i.e.*, whether Defendant "acted in the face of a perceived risk that its actions would violate federal law."[2] Accordingly, Plaintiff requests that this Court adopt a curative jury instruction pursuant to Rule 105 that (a) disabuses the jury of any notion that Larroca's *Fallon* and "blanket privilege" testimony is the law of the case; and (b) describes under what circumstance, *i.e.*, punitive damages, that Larroca's testimony may be given consideration. Plaintiff proposes the following:

**Curative Instruction on Jeffrey Larroca Testimony**:

Jeffrey Larroca testified that he relied on a legal authority called "Fallon" and a concept that he called "blanket privilege" in determining that Aimee Sturgill did not possess a religious belief protected by Title VII. What Mr. Larroca told you is not the law of the case, but instead what he alleges that he believed the law to be when he denied Ms. Sturgill's religious accommodation request. The law of this case is that if you believe that Ms. Sturgill was sincere in describing her religious beliefs, then you must also find that her refusal to receive the vaccine was an aspect of her religious observance and belief and that Defendant violated Title VII by discriminating against Ms. Sturgill on the basis of her religion. To be clear, the legal authority on "Fallon" and "blanket privilege" referenced by Mr. Larroca are not the law of this Court. And even if the law cited by Mr. Larroca did apply in this Court, Aimee Sturgill's religious beliefs would still be protected under Title VII if you find that her religious beliefs are sincere.

---

[2] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535-36, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999).

> Although Mr. Larroca's testimony on "Fallon" and "blanket privilege" cannot be given any consideration on your decision on liability, you may consider Mr. Larroca's testimony on "Fallon" and "blanket privilege" for the limited purpose of deciding whether the Red Cross is liable for punitive damages, which will be explained to you in a separate jury instruction.

## STANDARD OF REVIEW

Fed. R. Civ. P. 105 states that "[i]f the court admits evidence that is admissible against a party or for a purpose — but not against another party or for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." This comports with Fed. R. Civ. P. 403, which states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## ARGUMENT

**I.     LARROCA'S TESTIMONY VIOLATED THE LAW OF THE CASE.**

Although damage has already been done, so to speak, a curative instruction could potentially remedy Larroca's prejudicial testimony. Larroca's testimony on *Fallon* and the "blanket privilege" imported Third Circuit law in this case and fed the jury a reason to deny liability, despite this Court and the Sixth Circuit in multiple published opinions holding that Ms. Sturgill's religious beliefs were protected by Title VII. Yes, Ms. Sturgill still needs to take the stand tomorrow and adequately

6

profess her religious beliefs. But if she does so, the only question for the jury is whether she is sincere in her beliefs and not whether the beliefs are sufficiently "religious." To allow the question of "religiosity" (as opposed to "sincerity") to go to the jury on liability would violate "law of the case" doctrine and taint the verdict, even if Ms. Sturgill were still to prevail. Simply put, this Court cannot permit a lay witness who happens to be a lawyer to control liability by imposing his "bad law" legal opinions on the jury.

Further, we do not need to encourage an environment where employers designate lawyers as decision-makers in order to usurp the "judge's law-defining function," which is something addressed recently by the Sixth Circuit in *United States v. Mazumder*, 800 F. App'x 392, 395 (6th Cir. 2020). There, the district court excluded "legal testimony [that] was in any event incorrect" when the witness testified as to "a legal conclusion that improperly intruded on the court's responsibility to explain the law to the jury." *Id*. Indeed, "[e]xpert testimony on the law is excluded because the trial judge does not need the judgment of witnesses." *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984). Larroca's testimony crossed over quickly from what he allegedly relied upon in denying Ms. Sturgill's religious accommodation request to lecturing the jury on the applicability of "*Fallon*" and "blanket privilege," which is not discussed in the EEOC Guidance and cannot overcome the law of this case.

7

Given the improper and prejudicial nature of Larroca's testimony on "*Fallon*" and "blanket privilege," in which he described both as the "controlling law," there will be irreparable harm if the Court does not directly proscribe Larroca's comments and issue a curative instruction that (a) rebukes Larroca's testimony that "*Fallon*" and "blanket privilege" are controlling law; (b) instructs the jury that the only issue left to determine for liability is "whether Ms. Sturgill was sincere in describing her religious beliefs; and (c) that Larroca's testimony may only be considered for the limited purpose of deciding whether the Red Cross is liable for punitive damages. To allow Larroca to pass of his subjective views of the law to the jury without a very pointed instruction would risk a mistrial and render moot the Sixth Circuit's published holding in this case that Ms. Sturgill's "***protective view of her body are the tenets of her Christian faith. That faith instructs her to treat her body as a temple and not do anything that would 'defile' it.***" *Sturgill*, 114 F.4th at 810.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court read the jury a curative instruction stating:

**Curative Instruction on Jeffrey Larroca Testimony**:

Jeffrey Larroca testified that he relied on a legal authority called "Fallon" and a concept that he called "blanket privilege" in determining that Aimee Sturgill did not possess a religious belief protected by Title VII. What Mr. Larroca told you is not the law of the case, but instead what he alleges that he believed the law to be when he denied Ms. Sturgill's religious accommodation request. The law of this case is that

8

if you believe that Ms. Sturgill was sincere in describing her religious beliefs, then you must also find that her refusal to receive the vaccine was an aspect of her religious observance and belief and that Defendant violated Title VII by discriminating against Ms. Sturgill on the basis of her religion. To be clear, the legal authority on "Fallon" and "blanket privilege" referenced by Mr. Larroca are not the law of this Court. And even if the law cited by Mr. Larroca did apply in this Court, Aimee Sturgill's religious beliefs would still be protected under Title VII if you find that her religious beliefs are sincere.

Although Mr. Larroca's testimony on "Fallon" and "blanket privilege" cannot be given any consideration on your decision on liability, you may consider Mr. Larroca's testimony on "Fallon" and "blanket privilege" for the limited purpose of deciding whether the Red Cross is liable for punitive damages, which will be explained to you in a separate jury instruction.

Respectfully Submitted,

HURWITZ LAW, PLLC

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiffs*

Dated: July 9, 2025

## **PROOF OF SERVICE**

I hereby certify that on July 9, 2025 I electronically filed the foregoing with the Clerk of the Court using the ECF system.

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

July 9, 2025